# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2000-IA-01709-SCT

*DONNA LYNN ROGERS AND ERIN LEE MORIN, A MINOR, BY AND THROUGH DONNA LYNN ROGERS AS MOTHER AND NEXT FRIEND*

*v.*

*JOHN ARTHUR EAVES, JR. AND G. JYLES EAVES*

| | |
|---|---|
| DATE OF JUDGMENT: | 8/23/2000 |
| TRIAL JUDGE: | HON. SAMAC S. RICHARDSON |
| COURT FROM WHICH APPEALED: | MADISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANTS: | JOHN W. CHRISTOPHER |
| ATTORNEYS FOR APPELLEES: | JOHN BENTON CLARK |
| | MICHAEL CHADWICK SMITH |
| NATURE OF THE CASE: | CIVIL - LEGAL MALPRACTICE |
| DISPOSITION: | AFFIRMED AND REMANDED - 03/28/2002 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 4/18/2002 |

**EN BANC.**

**EASLEY, JUSTICE, FOR THE COURT:**

¶1. Donna Lynn Rogers ("Rogers") filed for divorce from her husband, Mark Anton Morin ("Morin"), on August 1, 1995. Rogers was initially represented in the divorce action by attorneys, John Arthur Eaves, Jr. ("John, Jr.") and G. Jyles Eaves ("Jyles"). The divorce action was filed in the Chancery Court of Scott County, Mississippi. During the temporary phase of the divorce proceedings, Rogers terminated the legal services provided by the Eaveses and retained new counsel to continue her representation. On March 22, 1996, the Eaveses withdrew from their representation.

¶2. On July 24, 1998, the chancellor granted the parties a divorce on the grounds of irreconcilable differences. As to the parties' minor child, Erin Morin ("Erin"), Rogers was granted custody of Erin subject to Morin's unsupervised visitation with Erin. Morin was ordered to pay Rogers lump-sum alimony in the amount of $12,496.91, and Rogers was ordered to pay Morin $29,388.25 for his attorney fees and $9,962.42 for court costs incurred in defending sexual abuse allegations.[1]

¶3. On February 26, 1999, Rogers filed this civil action against the Eaveses in the Circuit Court of Madison County, alleging negligent representation and breach of duty of care. Eaveses filed a motion to transfer the action to the Chancery Court of Scott County on April 29, 1999. Madison County Circuit Court Judge

Samac S. Richardson entered an order on August 25, 2000, granting the Eaveses' motion to transfer thereby transferring the matter from the Circuit Court of Madison County to the Chancery Court of Scott County. Rogers's motion to reconsider was denied. However, Rogers was allowed to bring this interlocutory appeal to this Court. *See* M.R.A.P. 5. On October 3, 2000, all proceedings were stayed pending Rogers's interlocutory appeal.

## FACTS

¶4. Rogers and Morin were married on August 4, 1990, and separated on June 26, 1995, in Scott County, Mississippi. The parties had one child born to their union, namely, Erin, born September 23, 1992. Morin already had custody of his daughter, Ellen Ruth Morin ("Ellen"), born September 25, 1985, from a previous marriage.

¶5. Rogers retained the Eaveses to represent her in her divorce action. The Eaveses were paid a $10,000.00 retainer to handle the divorce. Rogers's complaint for divorce was filed in the Chancery Court of Scott County. The Eaveses represented Rogers in a temporary hearing before her subsequent termination of their legal services.

¶6. At the temporary hearing, Rogers was granted temporary custody of Erin subject to Morin's unrestricted visitation with Erin. Rogers had also sought custody of Ellen, but Morin was granted custody of Ellen. Rogers alleged in the complaint against the Eaveses that Erin was sexually abused by Morin during his unrestricted visitation.

¶7. Rogers retained new counsel in the divorce proceedings. On June 2, 1997, Rogers and Morin agreed to divorce on the grounds of irreconcilable differences, but all unresolved issues were left to the chancellor to decide. The Chancery Court of Scott County heard the allegations of sexual abuse of Erin raised by Rogers in a trial which commenced on June 2, 1997. The chancellor considered both oral and documentary evidence raised by the parties. The trial lasted eighteen days, included seventeen witnesses and received fifty-two exhibits. In fact, the opinion of the court relates that a "costly and protracted litigation" evolved from the father's visitation rights. The chancellor concluded that Rogers failed to establish her allegations of sexual abuse. In the final judgment for divorce, Morin was granted visitation with Erin pursuant to a reasonable visitation plan.[2] This Court in ***Rogers v. Morin***, 791 So.2d 815 (Miss. 2001), affirmed the decision of the Chancery Court of Scott County as to the divorce.

¶8. Rogers filed suit against the Eaveses in Madison County Circuit Court for their legal representation in her divorce proceedings. The Eaveses sought to have the matter transferred to the Chancery Court of Scott County pursuant to M.R.C.P. 1 and Miss. Code Ann. § 9-5-81 (1991) to insure a speedy and inexpensive determination of the action.

¶9. The circuit court entered an order transferring the matter to the Chancery Court of Scott County pursuant to § 9-5-81. The circuit court denied Rogers's motion to reconsider, but Rogers was allowed to proceed with interlocutory appeal to this Court.

¶10. On interlocutory appeal, Rogers raises the issue of whether her tort claim falls exclusively within the jurisdiction of the circuit court thereby barring the Chancery Court of Scott County from maintaining jurisdiction.

## DISCUSSION

¶11. The Circuit Court of Madison County, Mississippi, transferred the action to the Chancery Court of Scott County, Mississippi. Rogers argues that the Chancery Court of Scott County, Mississippi, does not have subject matter jurisdiction to hear a legal malpractice case pursuant to Article 6, § 159, of the Mississippi Constitution of 1890. In granting the Eaveses' motion to transfer the circuit court stated as follows:

> This cause having come on to be heard on the motion of the defendants to transfer this case to the Chancery Court of Scott County, Mississippi, and the Court having heard argument on such motion and being fully advised in the premises, and being of the opinion that since the Chancery Court of Scott County, Mississippi, has tried to a conclusion the underlying case of *Morin v. Morin*, Scott County Chancery No. 95-302, and since that court it is fully conversant with the evidence adduced at the trial of case 95-302, and has entered a temporary order, a lengthy opinion and final judgment or decree as well as an order overruling a motion for amended findings or a new trial therein, and this Court being of the opinion that the Chancery Court of Scott County, Mississippi, will have jurisdiction of this matter upon transfer pursuant to Miss. Code. Ann. § 9-5-81 (1972), that this case also involves a minor's business, and that in the interest of judicial economy and the just, speedy and inexpensive termination of this action, the motion to transfer should be sustained.

"Jurisdiction is a question of law." *Burnette v. Hartford Underwriters Ins. Co.*, 770 So.2d 948, 950 (Miss. 2000). *See also Entergy Miss., Inc. v. Burdette Gin Co.*, 726 So.2d 1202, 1204-05 (Miss. 1998). Questions of law are reviewed de novo by this Court. *Burnette*, 770 So.2d at 950. *See Saliba v. Saliba*, 753 So.2d 1095, 1098 (Miss. 2000).

¶12. Article 6, § 159, of the Mississippi Constitution of 1890, delineates the jurisdiction provided to chancery court. Article 6, § 159, establishes the chancery court's full jurisdiction as follows:

> The chancery court shall have full jurisdiction in the following matters and cases, viz.:
>
> (a) All matters in equity;
>
> (b) Divorce and alimony;
>
> (c) Matters testamentary and of administration;
>
> (d) Minor's business;
>
> (e) Cases of idiocy, lunacy, and persons of unsound mind;
>
> (f) All cases of which the said court had jurisdiction under the laws in force when this Constitution is put in operation.

¶13. In transferring the case to Scott County, the circuit court directly stated that jurisdiction was transferred to chancery court pursuant to Miss. Code Ann. § 9-5-81. Using Miss. Code Ann. § 9-5-81 (1991), the Mississippi Legislature further extended the jurisdiction of the chancery court beyond Article 6, § 159. Miss. Code Ann. § 9-5-81 states:

> The chancery court in addition to the full jurisdiction in all the matters and cases expressly conferred upon it by the constitution shall have jurisdiction of all cases transferred to it by the circuit court or

remanded to it by the supreme court; and such further jurisdiction, as is, in this chapter or elsewhere, provided by law.

See *Hopson v. Meredith*, 719 So.2d 1176, 1177 (Miss. 1998).

¶14. M.R.C.P. 1 provides that the rules governing procedure in the circuit courts, chancery courts and county courts should be construed to provide a "just, speedy, and inexpensive determination of every action." In order to establish legal malpractice, proximate cause and the extent of the alleged injury must be proved by the plaintiff. *Wilbourn v. Stennett, Wilkinson & Ward*, 687 So.2d 1205, 1215 (Miss. 1997). The plaintiff bears the burden to show that "but for their attorney's negligence, [plaintiff] would have been successful in the prosecution or defense of the underlying action." *Id*.

¶15. In other words, in order to maintain a legal malpractice claim, it must be determined whether the Eaveses' alleged negligence affected the outcome of the chancery court proceedings addressing the matters of divorce, alimony, child custody and visitation. The Chancery Court of Scott County made the determinations regarding child custody, alimony and divorce in the underlying case. Therefore, the Chancery Court of Scott County is in the best position to efficiently examine the facts and circumstances of the divorce proceeding and related issues. All of these issues of divorce, alimony and other related proceedings are all clearly within the subject matter jurisdiction specifically granted to our chancery courts. The Chancery Court of Scott County has already heard extensive litigation of these issues and examined both the numerous witnesses and documents presented during the course of the case.

¶16. We find that the decision of the circuit court to transfer the case to the Chancery Court of Scott County should be affirmed and the matter remanded to litigate Rogers's remaining allegations in the Chancery Court of Scott County.

## CONCLUSION

¶17. The circuit court did not err in transferring the case to the Chancery Court of Scott County pursuant to Miss. Code Ann. § 9-5-81 (1991). Scott County is in the best position to examine the allegations of negligence raised by Rogers regarding her divorce action handled by the Eaveses. Therefore, the order transferring this case to the Chancery Court of Scott County is affirmed, and this case is remanded to that chancery court for further proceedings.

¶18. **AFFIRMED AND REMANDED**.

> **SMITH, P.J., WALLER AND DIAZ, JJ., CONCUR. PITTMAN, C.J., CONCURS IN RESULT ONLY. CARLSON, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION. COBB, J., CONCURS IN PART AND DISSENTS IN PART WITHOUT SEPARATE WRITTEN OPINION. McRAE, P.J. AND GRAVES, J., NOT PARTICIPATING.**

1. After the divorce was filed, Rogers made allegations that Morin had sexually abused Erin. On December 23, 1997, the chancellor entered a seventy-two page opinion of the court addressing the allegations incorporating medical findings and the guardian ad litem's report of findings.

2. Dr. Gerald O'Brien was appointed the court's expert for assisting in establishing a reasonable visitation plan to reunite Morin and Erin. Dr. O'Brien was the court-appointed expert to conduct psychological

testing on Rogers and Morin.