# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2001-IA-01952-SCT

*TRUSTMARK NATIONAL BANK*

*v.*

*MONA B. JOHNSON AND DEBORAH BIEDENHARN, AS INDIVIDUAL BENEFICIARIES AND IN THEIR CAPACITY AS THE GUARDIANS AND CONSERVATORS OF THEIR BROTHER MICHAEL SHAW BIEDENHARN*

| | |
|---|---|
| DATE OF JUDGMENT: | 11/26/2001 |
| TRIAL JUDGE: | HON. TOMIE T. GREEN |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | JEFFREY RYAN BAKER |
| | SUSAN LATHAM STEFFEY |
| ATTORNEYS FOR APPELLEES: | JAN F. GADOW |
| | THOMAS Y. PAGE |
| | DENNIS C. SWEET, III |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | REVERSED AND REMANDED - 02/12/2004 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**CARLSON, JUSTICE, FOR THE COURT:**

¶1.     In this case on interlocutory appeal from the Circuit Court of the First Judicial District of Hinds County, Mississippi, plaintiffs, Mona B. Johnson and Deborah Biedenharn, as individual beneficiaries under the Ruth S. Biedenharn Trust, and as Guardian and Conservator for their brother, Michael Shawn Biedenharn, who is also an individual trust beneficiary, have sued Trustmark National Bank (Trustmark) for its allegedly negligent actions as Trustee arising solely in the administration of the Trust. Trustmark filed

a counterclaim for declaratory judgment and moved to dismiss or transfer the matter to the Chancery Court of Warren County or, alternatively, to the Chancery Court of Pearl River County. The trial court denied Trustmark's motion. This Court granted Trustmark's petition for interlocutory appeal, *see* M.R.A.P. 5, since it involves jurisdiction. *See* Miss. Const. art. 6, § 147.

## FACTS AND PROCEEDINGS IN THE TRIAL COURT

¶2. The Ruth S. Biedenharn Trust was established on or about September 1, 1983, in Vicksburg, Warren County, Mississippi. The Trustee was First National Bank of Vicksburg, which has since been merged into Trustmark. Under the terms of the Trust Agreement, the Trustee was required, upon the death of Ruth S. Biedenharn (Ruth), to divide the assets into three equal shares. One share was to be held, managed, and distributed for the use and benefit of Milton A. Biedenharn, Jr. (Milton), the father of the Plaintiffs. The issue of the appropriate distribution of the other two shares under the Trust is not at issue in today's appeal. Pursuant to the terms of the Trust, upon Milton's death, the assets of his trust were to be divided into three equal shares, with one share going to each of the three Plaintiffs in this case. Ruth died on March 9, 1990, and her will was subsequently admitted to probate in Cause No. 20,979 on the docket of the Chancery Court of Warren County, which has exercised judicial oversight of the trust agreement in accordance with its terms and the terms of Ruth's will, all as part of the overall administration of Ruth's estate.

¶3. The record reveals that during the life of this estate matter in chancery court, the chancellor by way of decree authorized a disbursement in the amount of $6,000 for Milton and a disbursement in the amount

of $5,500 for Milton's daughter, Deborah. Also, on September 13, 1994, Milton Biedenharn executed a promissory note to Trustmark in the amount of $100,000.

¶4. Milton subsequently died and his estate was opened in Cause No. 97-0514-GN-D on the docket of the Chancery Court of Pearl River County. Pursuant to the terms of Milton's will, the named Executor is John U. Biedenharn. Trustmark filed a claim against Milton's estate due to the promissory note. Milton's widow, Earline Biedenharn, contested Trustmark's claim on the basis of failure of consideration and/or no consideration for the promissory note. The parties entered into an Agreed Order of Continuance in the Pearl River County Chancery Court action because of Trustmark's concern of the possibility of a conflicting ruling with the underlying case.

¶5. It is this same loan that forms the basis of the Plaintiffs' claim against Trustmark in this underlying action. The Plaintiffs' complaint alleges inter alia that during the life of their father, Milton, Trustmark abused its discretion in the management of trust assets and by advancing trust money to Milton. Of particular import is the Plaintiffs' allegation that the $100,000 promissory note executed by Milton represented the amount of trust funds Trustmark loaned to Milton, unsecured and interest free, knowing Milton to be "a poor businessman." Plaintiffs, as Milton's heirs, now seek money damages by claiming that Trustmark mismanaged the Trust assets to their detriment.

¶6. Trustmark raises two issues in this interlocutory appeal: (1) Whether the Circuit Court of the First Judicial District of Hinds County lacks subject matter jurisdiction; and (2) whether that court is the proper venue for this action.

3

¶7.    For the following reasons, we reverse the trial court's order denying a transfer to chancery court, and we remand this case to the Circuit Court of the First Judicial District of Hinds County for the entry of an order transferring this case to the Warren County Chancery Court.  Because our decision on the first issue is dispositive of this appeal, we do not consider the second issue.

## STANDARD OF REVIEW

¶8.    Jurisdiction is a question of law which this Court reviews de novo.  ***Briggs & Stratton Corp. v. Smith,*** 854 So. 2d 1045, 1048 (¶ 9) (Miss.  2003); ***Rogers v. Eaves***, 812 So. 2d 208, 211 (¶ 11) (Miss. 2002).

## ANALYSIS

### I.    Subject Matter Jurisdiction

¶9.    Trustmark asserts that the Circuit Court of the First Judicial District of Hinds County lacks subject matter jurisdiction since Plaintiffs' complaint derives wholly from the administration of the Ruth S. Biedenharn Trust.  In support of its argument, Trustmark relies on Miss. Const. art. 6, § 159, which states:

> The chancery court shall have full jurisdiction in the following matters and cases, viz.:
> (a)    All matters in equity;
> (b)    Divorce and alimony;
> (c)    Matters testamentary and of administration;
> (d)    Minor's business;
> (e)    Cases of idiocy, lunacy, and persons of unsound mind;
> (f)    All cases of which the said court had jurisdiction under the laws in force when this Constitution is put in operation.

(Emphasis added.)  Additionally, Miss. Const. art. 6, § 157 states:

> All causes that may be brought in the circuit court whereof the chancery court has exclusive jurisdiction shall be transferred to the chancery court.

4

(Emphasis added). The Mississippi Legislature has provided:

> The court in which a will may have been admitted to probate, letters of administration granted, or a guardian may have been appointed, shall have jurisdiction to hear and determine all questions in relation to the execution of the trust of the executor, administrator, guardian, or other officer appointed for the administration and management of the estate, and all demands against it by heirs at law, distributees, devisees, legatees, wards, creditors, or others . . .

Miss. Code Ann. § 9-5-83 (Rev. 2002) (emphasis added). We have held:

> A court of chancery or its equivalent has inherent power to remove the trustee for good cause, such power being incidental to the court's paramount duty to see that trusts are properly executed, and the trust estate preserved, and as broad and comprehensive as the exigencies of the case may require.

*Walker v. Cox*, 531 So.2d 801, 803 (Miss. 1988) (citing *Yeates v. Box*, 198 Miss. 602, 612, 22 So.2d 411, 415 (1945)).

¶10. The Plaintiffs' complaint focuses on the administration of the Ruth S. Biedenharn Trust. Plaintiffs have labeled their claims against Trustmark as negligence, breach of contract, breach of fiduciary duty, and gross negligence. However, Trustmark's actions or inactions which are at issue arise solely from its capacity as the Trustee of the Ruth S. Biedenharn Trust and any duty Trustmark may have arises from its appointment as Trustee. This action seeks to interpret the Trustee's obligations under the terms of the Trust. The Trust is under the exclusive jurisdiction of the Warren County Chancery Court and has been since its inception.

¶11. The Plaintiffs counter that they seek legal action rather than equitable remedies and that subject matter jurisdiction is proper in the circuit court; however, the Plaintiffs concede that when determining the true nature of the claim, one must look at the substance, and not the form, of the claim in order to determine

whether the claim is legal or equitable. ***Briggs & Stratton Corp. v. Smith***, 854 So.2d at 1049; ***Tillotson v. Anders***, 551 So.2d 212, 214 (Miss. 1989); ***Thompson v. First Miss. Nat'l Bank***, 427 So.2d 973, 976 (Miss. 1983); ***Dixie Nat'l Life Ins. Co. v. Allison***, 372 So.2d 1081, 1085 (Miss. 1979). As Trustmark correctly asserts, "[a]lthough, the Plaintiffs employ the language of negligence and legal remedy, the fundamental substance of their claim is testamentary and equitable."

¶12. The Plaintiffs rely on ***Farris v. State***, 764 So.2d 411, 423 (¶ 36) (Miss. 2000), for the proposition that even though chancery courts are vested with jurisdiction of estate administrations, the circuit court is not precluded from hearing civil matters that coincide with the administration of the estate. However, ***Farris*** is distinguishable because it involved the felony prosecution of a trustee. In that case, Farris argued that the circuit court lacked jurisdiction for the criminal prosecution because his allegedly criminal actions took place in the administration of an estate. However, "[w]e reject[ed] Farris's argument on lack of jurisdiction. While it is true that the Mississippi Constitution vests exclusive jurisdiction of conservatorships in the chancery court, Article 6, § 156 also vests original jurisdiction for criminal matters in the circuit court." ***Farris***, 764 So.2d at 423 (¶ 36).

¶13. Rather, the case sub judice is more analogous to ***Rogers v. Eaves***, 812 So.2d 208 (Miss. 2002). In ***Rogers***, the plaintiff brought a legal malpractice lawsuit in the Circuit Court of Madison County against her attorneys in her divorce case in Scott County. We affirmed the circuit court's transfer of the matter to the Chancery Court of Scott County where the divorce proceedings took place. In doing so, we held:

> [I]n order to maintain a legal malpractice claim, it must be determined whether the [attorneys'] alleged negligence affected the outcome of the chancery court proceedings addressing the matters of divorce, alimony, child custody and visitation. The Chancery

Court of Scott County made the determinations regarding child custody, alimony and divorce in the underlying case. Therefore, the Chancery Court of Scott County is in the best position to efficiently examine the facts and circumstances of the divorce proceeding and related issues. All of these issues of divorce, alimony and other related proceedings are all clearly within the subject matter jurisdiction specifically granted to our chancery courts. The Chancery Court of Scott County has already heard extensive litigation of these issues and examined both the numerous witnesses and documents presented during the course of the case.

*Id.* at 211-12 (¶ 15).

¶14.    That same reasoning applies here. The Plaintiffs have brought a negligence action against the Trustee of the Ruth S. Biedenharn Trust, which has been under the jurisdiction of the Warren County Chancery Court since its inception. "In short, this proceeding is for determination of property rights in the assets of an estate being administered under the jurisdiction of the chancery court." *Cain v. Dunn,* 241 So.2d 650, 651 (Miss. 1970). Again, as we have already noted, numerous cases, including *Briggs & Stratton Corp., Tillotson, Thompson*, and *Dixie Nat'l Life Ins. Co.*, have clearly directed our trial courts to look to the substance of the claim rather than the form of the case.

¶15.    We take this opportunity to inform the trial bench and bar of an ever-increasing problem we are encountering – this Court is inundated with interlocutory appeals, many of which involve the issue of whether a case has been appropriately commenced in circuit or chancery court. Admittedly, more times than not, the issue before us is whether a case commenced in chancery court ought to be transferred to circuit court. *See Briggs & Stratton Corp., supra; City of Ridgeland v. Fowler*, 846 So.2d 210 (Miss. 2003); *United States Fid. & Guar. Co. v. Estate of Francis*, 825 So.2d 38 (Miss. 2002).

Of course, today's case involves whether a case commenced in circuit court ought to be transferred to chancery court.

¶16.    We implore our learned trial judges to studiously and timely consider a motion to transfer based on subject matter jurisdiction to assure that jurisdiction is proper.  After all, as we have stated many times, pursuant to Art. 6, § 147, this Court is constrained on appeal to affirm if the only error is that of jurisdiction. *Estate of Francis*, 825 So.2d at 46.  Our citizens who become litigants in our state trial courts are entitled to be assured early on in the life of the litigation that they are in the right court.  Interlocutory appeals (or even worse, a trial on the merits in the wrong court), are costly and time-consuming.   In the case sub judice, the filing of the complaint on August 2, 2000, commenced the life of this civil litigation. Assuming, arguendo, that this case proceeds to a trial on the merits, it is still a long way from final disposition.

¶17.    In today's case, we have nothing in the record to reveal to us why the trial judge thought that this case had been properly commenced in the Circuit Court of the First Judicial District of Hinds County, as opposed to the Chancery Court of Warren County.  Both the order denying the motion to dismiss or transfer and the order denying the motion for interlocutory appeal entered by the trial court contain little more than a denial, without explanation.  Thus, we additionally implore our trial judges that when they deny a motion to transfer based on subject matter jurisdiction, they state the basis for the denial via an adequate record, including an order which specifies the reason(s) for the denial of the motion to transfer, so that we can appropriately perform our mandated appellate review.

¶18.    Finally, we emphasize that our decision in ***Rogers v. Eaves*** offered clear guidance in today's case that the Warren County Chancery Court was the appropriate court for this case.

## CONCLUSION

¶19.    The Plaintiffs' claims clearly involve the construction, interpretation, and administration of the Ruth S. Biedenharn Trust.  The administration of Milton's share of the Trust assets are matters properly before the Warren County Chancery Court.  Determining the appropriateness of any disbursements under the Trust requires the interpretation of that Trust.  Any allegations of misuse of the Trust funds are matters to be decided by the Warren County Chancery Court.  Even though the Plaintiffs have artfully pled a legal action, their claims attack the heart of the Ruth S. Biedenharn Trust, which lies in the bosom of the Warren County Chancery Court.  As such, we find that the Circuit Court of the First  Judicial District of Hinds County erred when it denied Trustmark's Motion To Dismiss or To Transfer.  We thus reverse the order denying a transfer to chancery court and remand this case to the Circuit Court of the First Judicial District of Hinds County with instructions to forthwith enter an order transferring this case to the Chancery Court of Warren County.

¶20.    **REVERSED AND REMANDED.**

**PITTMAN, C.J., SMITH, P.J., COBB AND DICKINSON, JJ., CONCUR. EASLEY, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.  WALLER, P.J., DIAZ AND GRAVES, JJ., NOT PARTICIPATING.**