# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2006-IA-00976-SCT

*RAS FAMILY PARTNERS, LP AND RAY A. SIMS*

*v.*

*ONNAM BILOXI, LLC*

| | |
|---|---|
| DATE OF JUDGMENT: | 05/22/2006 |
| TRIAL JUDGE: | HON. JAMES B. PERSONS |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CHANCERY COURT, SECOND JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANTS: | LAWRENCE CARY GUNN |
| ATTORNEYS FOR APPELLEE: | MEGAN MARTHINE BARBER CONNER |
| | JOHN G. CORLEW |
| | KATHERINE A. SMITH |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | REVERSED AND REMANDED - 11/15/2007 . |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

## CONSOLIDATED WITH

## NO. 2006-IA-01414-SCT

*ONNAM BILOXI, LLC*

*v.*

*RAS FAMILY PARTNERS, LP AND RAY A. SIMS*

| | |
|---|---|
| DATE OF JUDGMENT: | 08/28/2006 |
| TRIAL JUDGE: | HON. STEPHEN B. SIMPSON |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT, SECOND JUDICIAL DISTRICT |

ATTORNEYS FOR APPELLANT:  JOHN G. CORLEW
            MEGAN MARTHINE BARBER CONNER
            KATHERINE A. SMITH

ATTORNEY FOR APPELLEES:  LAWRENCE CARY GUNN

NATURE OF THE CASE:    CIVIL - OTHER

DISPOSITION:       AFFIRMED AND REMANDED - 11/15/2007

MOTION FOR REHEARING FILED:

MANDATE ISSUED:

**BEFORE DIAZ, P.J., CARLSON AND RANDOLPH, JJ.**

**DIAZ, PRESIDING JUSTICE, FOR THE COURT:**

¶1. The dispute in these consolidated cases centers around an agreement between Onnam Biloxi, LLC, RAS Family Partners, LP, and Ray A. Sims. This Court is asked to determine whether jurisdiction is proper in either chancery or circuit court. Finding that jurisdiction was proper in circuit court, we affirm the circuit court's order denying the motion to transfer and reverse the chancery court's order denying same.

**FACTS**

¶2. RAS Family Partners, LP, agreed to lease ten acres of land on the Biloxi Bay to Onnam Biloxi, LLC, for casino development. Ray A. Sims is the managing partner of RAS, and he also contracted with Onnam to sell his shares of stock in another corporation that owns land adjacent to the proposed casino development. Both the lease and stock sale agreements were subject to certain contingencies, which included approval of the site by the Mississippi Gaming Commission; obtaining a gaming license and other necessary permits; approval of the building plan by the City of Biloxi; a hazardous substances inspection; and the negotiation of a tidelands lease.

2

¶3.     The closing of the lease and stock sale was to take place on September 30, 2005. On August 29, 2005, Hurricane Katrina devastated the Gulf Coast region, impeding the conditions precedent to the agreements. In a letter dated November 1, 2005, RAS and Sims notified Onnam that "[a]ll agreements between RAS Family Partners and Onnnam Biloxi [had] expired by their own terms."

¶4.     On November 30, 2005, Onnam filed suit in federal court against RAS and Sims. RAS then filed a separate suit against Onnam in the Circuit Court of Harrison County on December 27, 2005, seeking a declaratory judgment that the contracts were no longer binding as well as damages for breach of contract and malicious filing of a *lis pendens* notice. RAS amended its circuit court complaint to include Sims as a plaintiff on February 27, 2006.

¶5.     Onnam's federal suit was dismissed on January 24, 2006, pursuant to a provision in the lease agreement, which designated state court as the chosen forum. Onnam then filed suit that same day against RAS and Sims in the Chancery Court of Harrison County, seeking specific performance of the lease agreement and damages from Sims for breach of the stock sale agreement.

¶6.     Onnam filed a motion in the circuit court action to transfer to chancery court, while RAS and Sims filed a motion in the chancery court action to transfer to circuit court. Both motions were denied, and this Court granted both of the interlocutory appeals that followed.

¶7.     The parties ask us to determine the appropriate jurisdiction, specifically whether the circuit court has priority jurisdiction.

**STANDARD OF REVIEW**

3

¶8.    Jurisdiction is a question of law which this Court reviews de novo. ***Trustmark Nat'l Bank v. Johnson***, 865 So. 2d 1148, 1150 (Miss. 2004).  We use this same standard of review when examining a ruling on a motion to transfer from chancery court to circuit court, or vice-versa.  ***ERA Franchise Systems, Inc. v. Mathis***, 931 So. 2d 1278, 1280 (Miss. 2006).

## DISCUSSION

¶9.    RAS and Sims argue that the circuit court has priority jurisdiction because they were the first to file suit.  Onnam, on the other hand, argues that the chancery court has proper jurisdiction because (1) the suit involves a purely equitable matter which properly belongs in chancery court, and (2) priority jurisdiction, even if applicable, does not preclude the circuit court from considering a motion to transfer.

¶10.    "The principle of priority jurisdiction presupposes that the first court in which suit is filed is a court of competent jurisdiction."  ***Harrison County Dev. Comm'n v. Daniels Real Estate, Inc.***, 880 So. 2d 272, 276 (Miss. 2004), *overruled on other grounds by* ***City of Jackson v. Estate of Stewart***, 908 So. 2d 703, 711 (Miss. 2005).  Accordingly, we address the issues in the following order: (1) whether the circuit court could have subject matter jurisdiction over the case at all; and (2) if so, we then determine priority jurisdiction by examining in which court the suit was first filed.

### I. Whether the Circuit Court is a Court of Competent Jurisdiction.

¶11.    Generally speaking, circuit courts are courts of law and chancery courts are courts of equity. *See* Miss. Const. art. 6, § 159 (granting chancery courts jurisdiction over "all matters in equity"); Miss. Const. art. 6, § 156 (granting circuit courts "original jurisdiction in all matters civil and criminal in this state not vested by this Constitution in some other court").

4

However, chancery courts are courts of limited jurisdiction, while circuit courts are courts of general jurisdiction. *IP Timberlands Operating Co. v. Denmiss Corp.*, 726 So. 2d 96, 112 (Miss. 1998) (citing *Hall v. Corbin*, 478 So. 2d 253 (Miss. 1985)). Therefore, "if one issue is properly before the circuit court it has jurisdiction to decide all issues." *Id.* at 111. To determine whether a court has subject matter jurisdiction, we look to the face of the complaint, examining the nature of the controversy and the relief sought. *Durant v. Humphreys County Mem'l Hosp./Extended Care Facility*, 587 So. 2d 244, 250 (Miss. 1991); *Hood v. Dept. of Wildlife Conservation*, 571 So. 2d 263, 266 (Miss. 1990). If the complaint seeks legal relief, even in combination with equitable relief, the circuit court can have proper subject matter jurisdiction. *IP Timberlands Operating Co.*, 726 So. 2d at 111.

¶12.    RAS's and Sims's complaint seeks a declaratory judgment that the contracts are no longer binding as well as damages for breach of contract and malicious filing of a *lis pendens* notice. The request for declaratory judgment does not affect our analysis as declaratory judgments are "jurisdictionally neutral." *Burnette v. Hartford Underwriters Ins. Co.*, 770 So. 2d 948, 952 (Miss. 2000). Breach of contract actions, on the other hand, are better suited for circuit court. *Southern Leisure Homes, Inc. v. Hardin*, 742 So.2d 1088, 1089 (Miss. 1999).

¶13.    The complaint also requests damages for the alleged breach of contract and malicious filing. While chancery courts may certainly award legal and punitive damages as long as chancery jurisdiction has attached, damages are traditionally considered a legal remedy. *Id.* at 1090. Because the complaint seeks legal remedies, the circuit court is a court of competent jurisdiction.

5

¶14.   Onnam counters that the paramount claim is the equitable remedy of specific performance, and therefore, the case properly belongs in chancery court.  As discussed above, the complaint clearly seeks legal remedies.  Additionally, Onnam stipulated to the circuit court's jurisdiction in its answer and cross-complaint, acknowledging that "[t]his Court has jurisdiction of the parties and subject matter."  Finally, Onnam's cross-complaint, which is nearly identical to its complaint filed with the chancery court, seeks a legal remedy in the form of damages for breach of contract.  This argument is therefore without merit.

**II. Whether the Circuit Court has Priority Jurisdiction.**

¶15.   Because the circuit court is a court of competent jurisdiction, we next determine whether the circuit court has priority jurisdiction.

¶16.   The "first to file" or "race to the courthouse" rule is well-established in Mississippi case law: "[w]here two suits between the same parties over the same controversy are brought in courts of concurrent jurisdiction, the court which first acquires jurisdiction retains jurisdiction over the whole controversy to the exclusion or abatement of the second suit." *Scruggs, Millette, Bozeman & Dent, P.A. v. Merkel & Cocke, P.A.*, 804 So. 2d 1000, 1006 (Miss. 2001) (quoting *In re Petition of Beggiani*, 519 So. 2d 1208, 1210 (Miss. 1988)).  To determine which court first acquired jurisdiction, we look at "the date the initial pleading is filed, provided process issues in due course."  *Scruggs*, 804 So. 2d at 1006 (quoting *Huffman v. Griffin*, 337 So. 2d 715 (Miss. 1976)).

¶17.   The circuit court complaint was filed on December 27, 2005, and the chancery court complaint was filed on January 24, 2006.  Because the chancery complaint was filed nearly a month after the first pleading in circuit court, the circuit court has priority jurisdiction.

6

¶18.    The chancellor found that priority jurisdiction did not apply because: (1) the summonses were served on the same date; and (2) Sims was not a party to the circuit court action until after the chancery action had been filed.  These facts are of no matter.  First, priority jurisdiction attaches as long as process issues "in due course." *Id.*  The summons for the circuit court action was served January 26, 2006, and thus, service of process was accomplished within the 120-day time frame required under Mississippi Rule of Civil Procedure 4(h).  Second, Sims was added as a party through an amended complaint which was filed before a responsive pleading was served.  Under Mississippi Rule of Civil Procedure 15(c) this amendment relates back to the date of the original complaint.

## CONCLUSION

¶19.    Because the case was filed first in the circuit court, and because the circuit court is a court of competent jurisdiction, this case properly belongs in that court.  The chancery court's order denying the motion to transfer is reversed, and Case Number 2006-IA-00976-SCT is remanded to the chancery court with directions to transfer that case to the Harrison County Circuit Court, Second Judicial District.  The circuit court's order denying the motion to transfer is affirmed, and Case Number 2006-IA-01414-SCT is remanded to the circuit court for further proceedings consistent with this opinion.

¶20.    **NO. 2006-IA-00976-SCT: REVERSED AND REMANDED. NO. 2006-IA-01414-SCT: AFFIRMED AND REMANDED.**

**SMITH, C.J., WALLER, P.J., EASLEY, CARLSON, GRAVES, RANDOLPH AND LAMAR, JJ., CONCUR.  DICKINSON, J., NOT PARTICIPATING.**

7