# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2007-IA-02054-SCT

*ISSAQUENA WARREN COUNTIES LAND CO., LLC,*
*GARY K. BLAKENEY, KENNETH D. BLAKENEY,*
*EARNEST K. BLAKENEY, ROSE C. BLAKENEY,*
*ROBERT D. AINSWORTH, PAM HALEY, KEITH*
*HAWSEY, TOMMY L. THRASH, JOSH L. THRASH,*
*MIKE SUTTON, MICHAEL R. McTURNER, DONNA*
*M. McTURNER, ERVIN RAY, FAY RAY, GARY RAY,*
*HUGH J. PARKER, CYNTHIA B. PARKER, JOEY*
*HAVEN AND MARTY ELROD*

*v.*

*WARREN COUNTY, MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 10/25/2007 |
| TRIAL JUDGE: | HON. VICKI R. BARNES |
| COURT FROM WHICH APPEALED: | WARREN COUNTY CHANCERY COURT |
| ATTORNEYS FOR APPELLANTS: | LISA ANDERSON REPPETO |
| | MARK D. HERBERT |
| ATTORNEYS FOR APPELLEE: | KENNETH B. RECTOR |
| | PAUL E. WINFIELD |
| NATURE OF THE CASE: | CIVIL - REAL PROPERTY |
| DISPOSITION: | REVERSED AND REMANDED - 12/11/2008 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE SMITH, C.J., CARLSON AND RANDOLPH, JJ.**

**CARLSON, JUSTICE, FOR THE COURT:**

¶1. We previously granted the petition for interlocutory appeal filed by Issaquena Warren Counties Land Co., LLC,[1] (Issaquena) after the Warren County Chancery Court entered an order transferring Issaquena's previously commenced action to the Circuit Court of Warren County. Finding that the chancellor erred in transferring this case to circuit court, we reverse the chancellor's transfer order and remand this case to the Chancery Court of Warren County for further proceedings consistent with this opinion.

**FACTS AND PROCEEDINGS IN THE TRIAL COURT**

¶2. In 2002, Issaquena purchased 1,200 acres of real property in Warren County. Issaquena's individual owners subdivided a portion of the property into fifteen lots, which were conveyed individually by deed. Moreover, they constructed roads, installed utilities, and all other necessary activities for the development of a subdivision. Warren County maintains that the county advised Issaquena that such development would require compliance with the county's subdivision ordinance and floodplain ordinance, which requires county approval for proposed subdivision and development plans. Warren County alleges that Issaquena refused to comply with the ordinances.

¶3. On June 3, 2006, and December 19, 2006, Warren County filed in the County Court of Warren County twenty-three criminal summonses against the individual owners of Issaquena for alleged violations of the Subdivision Ordinance and/or Floodplain Ordinance,

---

[1]The remaining appellants are Gary K. Blakeney, Kenneth D. Blakeney, Earnest K. Blakeney, Rose C. Blakeney, Robert D. Ainsworth, Pam Haley, Keith Hawsey, Tommy L. Thrash, Josh L. Thrash, Mike Sutton, Michael R. McTurner, Donna M. McTurner, Ervin Ray, Fay Ray, Gary Ray, Hugh J. Parker, Cynthia B. Parker, Joey Haven, and Marty Elrod.

2

all misdemeanors. At the suggestion of the county court judge, Warren County decided to pursue the matter civilly, and the criminal charges were dismissed with prejudice.

¶4. Issaquena filed the present action on May 26, 2007, for declaratory and injunctive relief as to Warren County's ability to bring multiple actions against it for violations previously alleged in other actions, and alternatively seeking declaratory judgment that it had not violated the Subdivision and Floodplain Management Ordinances. On May 31, 2007, Warren County filed an action in Warren County Circuit Court seeking declaratory relief related to the applicability and enforceability of the subdivision ordinance and a claim for damages. In response to the chancery court action, Warren County filed a Motion to Dismiss, or in the Alternative, to Transfer to the Circuit Court on June 27, 2007. After conducting a hearing on September 5, 2007, the chancery court granted Warren County's motion to transfer to circuit court by way of an order dated October 25, 2007. Issaquena filed a petition for interlocutory appeal on the question of whether the chancery court erred in granting Warren County's motion to transfer to circuit court. After granting the petition for interlocutory appeal, this Court stayed all proceedings in the trial court pending our disposition of this appeal.

## DISCUSSION

¶5. Jurisdiction is a question of law, which this Court reviews *de novo*. **Trustmark Nat'l Bank v. Johnson**, 865 So. 2d 1148, 1150 (Miss. 2004) (citing **Briggs & Stratton Corp. v. Smith**, 854 So. 2d 1045, 1048 (Miss. 2003); **Rogers v. Eaves**, 812 So. 2d 208, 211 (Miss. 2002)). A motion to transfer from chancery court to circuit court, or vice-versa, is also

3

reviewed *de novo*. ***RAS Family Partners v. Onnam Biloxi, LLC***, 968 So. 2d 926, 928 (Miss. 2007) (citing ***ERA Franchise Sys., Inc. v. Mathis***, 931 So. 2d 1278, 1280 (Miss. 2006)).

¶6.     Issaquena assigns as error the following issue:

> **WHETHER THE CHANCERY COURT ERRED IN GRANTING WARREN COUNTY'S MOTION TO TRANSFER THE PRESENT ACTION TO CIRCUIT COURT.**

¶7.     On the issue of transfer of jurisdiction, the Mississippi Constitution states, "All causes that may be brought in the chancery court whereof the circuit court has exclusive jurisdiction shall be transferred to the circuit court." Miss. Const. art. 6, §162.  Under the Mississippi Constitution, chancery courts are courts of limited jurisdiction whereas circuit courts are courts of general jurisdiction.  *See* Miss. Const. art. 6, §159 (granting chancery courts jurisdiction over "all matters in equity"); Miss. Const. art. 6, §156 (granting circuit courts "original jurisdiction in all matters civil and criminal in this state not vested by this Constitution in some other court"). Issaquena relies on the priority-of-jurisdiction rule espoused in ***Scruggs, Millette, Bozeman, & Dent, P.A. v. Merkel and Cocke, P.A.***, 804 So. 2d 1000, 1006 (Miss. 2001) in support of its argument that the chancellor's transfer order must be reversed based on the following: (1) the chancery court can properly exercise jurisdiction over both cases;  (2) both cases involve the same parties; and (3) both cases involve substantially the same subject matter and cause of action.  Warren County cites ***In Re Petition of Beggiani***, 519 So. 2d 1208, 1210 (Miss. 1988), for the premise that, in order for one court to retain jurisdiction to the exclusion or abatement of another action in a second court, the same parties must be seeking the same remedy.  Warren County counters with the

4

fact that it seeks an additional remedy by way of damages; therefore, it argues the priority-of-jurisdiction rule does not apply because it seeks a remedy different from that sought by Issaquena, and as such, it is entitled to have its case heard in a court of law.

¶8.    The priority-of-jurisdiction rule stands for the premise that if the first court in which the action is filed has proper subject matter jurisdiction, that court should retain jurisdiction over the whole controversy. *See* ***RAS Family Partners v. Onnam Biloxi, LLC***, 968 So. 2d 926, 929 (Miss. 2007).  To this end, this Court has stated, "[t]he 'first to file' or 'race to the courthouse' rule is well-established in Mississippi case law: '[w]here two suits between the same parties over the same controversy are brought in courts of concurrent jurisdiction, the court which first acquires jurisdiction retains jurisdiction over the whole controversy to the exclusion or abatement of the second suit.'"***Id.*** at 929 (quoting ***Scruggs***, 804 So. 2d at 1006). *See also* ***Beggiani***, 519 So. 2d at 1210.  For the purpose of determining which court first had proper jurisdiction, this Court looks to "'the date the initial pleading is filed, provided process issues in due course.'" ***RAS Family Partners***, 968 So. 2d at 929 (quoting ***Scruggs***, 804 So. 2d at 1006). *See also* ***Huffman v. Griffin***, 337 So. 2d 715 (Miss. 1976).  In this case, Issaquena filed its action in chancery court on May 26, 2007, following which process was properly issued. Warren County filed its action in circuit court on May 31, 2007.  Applying the priority-of-jurisdiction rule, this case involves the same parties and the same issues, and Issaquena filed first in chancery court.  Thus, the Warren County Chancery Court has priority jurisdiction to the exclusion and abatement of the complaint filed in Warren County Circuit Court.  It thus necessarily follows for the reasons stated that the motion to transfer should not

5

have been granted by the chancellor, and the Warren County Chancery Court should have retained jurisdiction over this case. While this rule is dispositive of the case, it is necessary to address Warren County's remaining arguments.

¶9. Warren County argues that in seeking a declaratory judgment pursuant to Mississippi Rule of Civil Procedure 57, it is entitled to a jury trial under this rule. Mississippi Rule of Civil Procedure 57 has been held to be jurisdictionally neutral. *Tillotson v. Anders*, 551 So. 2d 212, 214 (Miss. 1989). In other words, declaratory relief is properly had in any court found to have otherwise competent jurisdiction. *Id*. Thus, the fact that each of the parties seeks a declaratory judgment has no effect on which court has proper jurisdiction. Accordingly, this argument is without merit.

¶10. Warren County argues that it is not seeking equitable relief, and therefore this case should be heard in circuit court. Issaquena aptly states that upon review, this Court looks to the substance of the claim rather than the form of the pleadings. *Trustmark*, 865 So. 2d at 1152. "To determine whether a court has subject matter jurisdiction, we look to the face of the complaint, examining the nature of the controversy and the relief sought." *RAS Family Partners*, 968 So. 2d at 928 (citing *Durant v. Humphreys County Mem'l Hosp./Extended Care Facility*, 587 So. 2d 244, 250 (Miss. 1991); *Hood v. Dep't of Wildlife Conservation*, 571 So. 2d 263, 266 (Miss. 1990) (overruled on other grounds)). Warren County's pleading in circuit court states in pertinent part, "Plaintiff lacks an adequate remedy at law for defendant's failure to comply with the Subdivision Ordinance and Floodplain Management Ordinance and will suffer irreparable harm and injury if compliance is not required by

6

mandatory and prohibitory injunction." Additionally, Warren County seeks attorney's fees, expert fees, and consequential damages. Likewise, Issaquena requests that Warren County be enjoined from taking further action against it pursuant to the Subdivision Ordinance and Floodplain Management Ordinance. Despite the fact that Warren County seeks damages, the substance of the claim seeks an equitable remedy. The damages sought by Warren County are ancillary to the equitable remedy of injunction. This Court has stated, where there appears from the face of the well-pleaded complaint an independent basis for equity jurisdiction, our chancery courts may hear and adjudge law claims. *Tillotson v. Anders*, 551 So. 2d 212, 213 (Miss. 1989) (citing *Penrod Drilling Co. v. Bounds*, 433 So. 2d 916 (Miss.1983); *Tideway Oil Programs, Inc. v. Serio*, 431 So. 2d 454, 464 (Miss.1983); *Burnett v. Bass*, 152 Miss. 517, 521, 120 So. 456 (1929)). In such circumstances, the legal claims lie within the pendent jurisdiction of the chancery court. *Tillotson*, 551 So. 2d at 213. Based on the underlying substance of the claims by Issaquena and Warren County, a court of equity unquestionably has proper jurisdiction; therefore, the issue of damages falls within the purview of the chancery court's pendent jurisdiction.

¶11. Warren County also argues that it has a right to a trial by jury as to the issue of damages, and it maintains that "[t]he right of trial by jury shall remain inviolate . . . ." Miss Const. art. 3, § 31. In support of this proposition, Warren County cites *Burnette v. Hartford Underwriters Ins. Co.*, 770 So. 2d 948 (Miss. 2000), in which this Court emphasized the difference between having a jury trial in chancery court versus circuit court, stating that "[i]n 'chancery court, with some few statutory exceptions, the right to jury is purely within the

discretion of the chancellor, and if one is empaneled, its findings are totally advisory.'"

*Burnette*, 770 So. 2d at 952 (quoting *Louisville & Nashville R.R. v. Hasty*, 360 So. 2d 925, 927 (Miss. 1978)). *See also* *McLean v. Green*, 352 So. 2d 1312, 1314 (Miss. 1977). The damages sought by Warren County, however, are those properly provided for under the Subdivision Ordinance and the Floodplain Management Ordinance. If the chancellor found that this ordinance does apply to the owners of Issaquena, then the issue of damages could be decided by the chancellor pursuant to the amount written into the ordinance.[2] Putting on proof before a jury as to damages would be unnecessary where the amount properly provided for pursuant to the ordinance is fixed. Since the issue of damages is an ancillary one, the chancery court properly would have pendent jurisdiction over claims at law.

## CONCLUSION

¶12.    For the reasons discussed, jurisdiction of this action properly lies with the chancery court. Therefore, the chancery court's order to transfer to circuit court is reversed, and this case is remanded to the Chancery Court of Warren County for further proceedings consistent with this opinion.

¶13.    **REVERSED AND REMANDED.**

    **SMITH, C.J., WALLER, P.J., DICKINSON, RANDOLPH AND LAMAR, JJ., CONCUR. EASLEY AND GRAVES, JJ., DISSENT WITHOUT SEPARATE WRITTEN OPINION. DIAZ, P.J., NOT PARTICIPATING.**

---

[2]For reasons unknown, copies of the Warren County Subdivision Ordinance and Floodplain Management Ordinance are not included in the pleadings, nor elsewhere in the record.

8