GRIFFIS, J., for the Court.
 

 ¶ 1. Denise Cuevas appeals the chancellor’s decision to forgo a formal accounting and trial in the dissolution of her partnership with Margaret Kellum. Cuevas alleges that: (1) the chancellor denied her the right to a trial on the merits of the claims asserted in her complaint, and (2) the adoption of the special master’s report was manifestly wrong.
 

 FACTS
 

 ¶ 2. On September 8, 1999, Cuevas and Kellum entered into a partnership agreement with the purpose of operating an elderly-care facility, Settler’s Point Assisted Living. Kellum submitted the general
 
 *1156
 
 partnership agreement — signed by both parties — to the chancellor. The partnership owned Settler’s Point and other real property located in Jackson County, Mississippi. On October 23, 2003, Kellum informed Cuevas that she intended to dissolve the partnership, and from that time on, Cuevas alleges that Kellum denied her access to the financial records of the business.
 

 ¶ 3. On October 27, 2003, Cuevas filed a compliant that requested injunctive relief and alleged that Kellum: (1) breached the partnership, (2) breached her fiduciary duties, and (3) tortiously breached the partnership agreement warranting punitive damages. Cuevas also demanded a full and complete accounting of all accounts billed and monies received and paid out starting on October 1, 2003, to present.
 

 ¶ 4. By agreed order, the chancellor, on May 4, 2004, appointed Haidee Oppie Sheffield as the special master with instructions to determine: (1) the capital contributions from each party to the business; (2) the personal-related withdrawals from the business; (3) the ownership interest of each party in the business as of the date of the filing of this litigation; and (4) the ownership interest of each party in the real property as of the date of the filing of this litigation. The chancellor also stated that the trial would be reset following the special master’s report.
 

 ¶ 5. On March 28, 2005, the special master made her findings, and no timely objections were made to her findings. On April 19, 2005, Cuevas filed a motion to allow out-of-time objections to the special master’s report, which was denied. On February 10, 2006, the chancellor adopted the special master’s findings. The trial was set and continued numerous times.
 

 ¶ 6. On May 25, 2007, the chancellor heard motions to compel at which time she stated, “I thought this case was over. What’s left?” Cuevas’s attorney explained to the chancellor that: (1) there had never been a formal accounting; (2) documents were recently produced; (3) depositions had been set; (4) the partnership was never dissolved; and (5) trial on the remaining issues was set for June.
 

 ¶ 7. On July 17, 2007, the chancellor entered an order nunc pro tunc to the special master’s findings and gave the parties thirty days to agree to an implementation of the special master’s report dividing the partnership’s assets, and if they could not agree, then the order allowed for the appointment of a special commissioner.
 

 STANDARD OF REVIEW
 

 ¶ 8. “The findings of a chancellor will not be disturbed when supported by substantial evidence unless there was manifest error or a[n] improper legal standard was applied.”
 
 In re Estate of Temple,
 
 780 So.2d 639, 642(1115) (Miss.2001) (citation omitted). However, an appellate court conducts a de novo review on any question of law.
 
 In re Admin. of the Estate of Abernathy,
 
 778 So.2d 123, 127(¶ 13) (Miss.2001) (citation omitted).
 

 ANALYSIS
 

 1. Did the chancellor deny Cuevas the right to a trial on the merits of claims asserted in her complaint?
 

 ¶ 9. Cuevas claims that the special master’s report does not negate the need for a trial on the merits of her complaint. For the first time, Kellum argues that the chancery court had no jurisdiction to hear Cuevas’s complaint on the merits.
 

 ¶ 10. First, we address whether all of Cuevas’s claims were resolved by the special master. In her complaint, Cuevas alleged that Kellum: (1) breached the partnership, (2) breached her fiduciary duties,
 
 *1157
 
 and (3) tortiously breached the partnership agreement warranting punitive damages.
 

 ¶ 11. A special master was appointed by the chancellor pursuant to Mississippi Rule of Civil Procedure 53 to aid in the resolution of this case. The supreme court has stated that under Rule 53(d):
 

 The order of reference to the master may
 
 specify or limit his powers and may direct him to report only upon particular issues or to do or perform particular acts
 
 or to receive and report evidence only and may fix the time and place for beginning and closing the hearing and for the filing of the master’s report.
 

 (Emphasis added).
 
 See also Massey v. Massey,
 
 475 So.2d 802, 805 (Miss.1985). Here, the chancellor limited the special master to a determination of (1) the capital contributions to the partnership by each party; (2) the value of personal-related withdrawals from the partnership; (3) the ownership interest of each party in the partnership as of October 27, 2003; and (4) the ownership interest of each party in three parcels of real estate.
 

 ¶ 12. The special master’s authority was limited to the assignment given to her by the chancellor. The chancellor’s specific delegation to the special master did not instruct her to address the merits of Cue-vas’s claims — nor did she address Cuevas’s claims for breach of partnership, breach of fiduciary duties, and tortious breach of the partnership agreement. All of Cuevas’s claims were not resolved by the special master’s report.
 

 ¶ 13. Next, we turn to the issue of a trial. The special master was appointed on May 4, 2004, and submitted her report on March 28, 2005. The findings were adopted by the chancellor on February 10, 2006, and for the first time on May 25, 2007, the chancellor opined that no trial was necessary. In the order appointing the special master, the chancellor specifically stated that the trial would be reset following the special master’s report. Furthermore, in the two years following the special master’s report, numerous references were made by the chancellor and Kellum’s counsel to the impending trial.
 

 ¶ 14. Kellum argues that the chancellor’s order should be affirmed because the chancery court lacked the jurisdiction to address Cuevas’s claims for damages for breach of fiduciary duty, breach of the partnership agreement, and tortious breach of the partnership agreement, which are claims at law and subject to a jury trial. Cuevas claims that the chancery court has pendent jurisdiction over her claims. “Jurisdiction is a question of law which [the appellate court] reviews de novo.”
 
 Issaquena Warren Counties Land Co., LLC v. Warren County,
 
 996 So.2d 747, 749(¶ 5) (Miss.2008) (citation omitted).
 

 ¶ 15. “To determine whether a court has subject matter jurisdiction, we look to the face of the complaint, examining the nature of the controversy and the relief sought.”
 
 RAS Family Partners, LP v. Onnam Biloxi, LLC,
 
 968 So.2d 926, 928(¶ 11) (Miss.2007) (citations omitted). “The dissolution of a partnership requires the settling of accounts. A Mississippi chancery court holds the authority to hear a case for an accounting.”
 
 Crowe v. Smith,
 
 603 So.2d 301, 307 (Miss.1992) (internal citation omitted). The supreme court “has stated, where there appears from the face of the well-pleaded complaint an independent basis for equity jurisdiction, our chancery courts may hear and adjudge law claims.”
 
 Issaquena Warren Counties Land Co., LLC,
 
 996 So.2d at 751(¶ 10). “In such circumstances, the legal claims lie within the pendent jurisdiction of the chancery court.”
 
 Id.
 
 Cuevas’s
 
 *1158
 
 claims for dissolution of the partnership were properly brought in a court of equity; therefore, the other claims asserted fall within the chancery court’s pendent jurisdiction. The chancellor did not consider the claims for breach of fiduciary duty or the tortious breach of the partnership agreement warranting punitive damages; therefore, we reverse the judgment of the chancellor. On remand, the chancellor should permit a hearing to allow evidence to be presented on the remaining claims.
 

 2. Was the chancellor’s adoption of the special master’s report manifestly wrong?
 

 ¶ 16. Cuevas argues the adoption of the special master’s report was manifestly wrong due to a lack of formal accounting. Kellum argues that Cuevas is not entitled to a formal accounting because the special master’s report is sufficient.
 

 ¶ 17. Cuevas claims that a partner has an absolute right to a formal accounting in the event of the dissolution of a partnership under Mississippi Code Annotated section 79-12-43 (Repealed Jan. 1, 2007). That statute was repealed effective January 1, 2007. “The effect of a repealing statute is to abrogate the repealed statute as completely as if it had never been passed ... unless the repealing or modifying statute contains a saving clause.”
 
 City of Belmont v. Miss. State Tax Comm’n,
 
 860 So.2d 289, 303(¶ 28) (Miss.2003). The Uniform Partnership Act — which repealed sections 79-12-1 through 79-12-119 — provides a savings clause. Mississippi Code Annotated section 79-13-1206 (Supp.2008) states that “[tjhis chapter does not affect an action or proceeding commenced or right accrued before this chapter takes effect.”
 

 ¶ 18. Cuevas filed her complaint on October 27, 2003, well before section 79-12-43 was repealed by Chapter 13, the Uniform Partnership Act, on January 1, 2007. Section 79-12-43 states that “any partner shall have the right to a formal account as to partnership affairs: (a) [i]f he is wrongfully excluded from the partnership business or possession of its property by his copartners.” Miss.Code Ann. § 79-12-43(l)(a) (Rev.2001). In her initial complaint, Cuevas argued that she had been wrongly excluded from the partnership because Kellum removed her from the bank accounts, barred her from the premises, and refused to allow her access to the financial affairs of the business.
 

 ¶ 19. Cuevas has a statutory right to a formal account of the partnership’s finances under section 79-12-43. However, it is unclear what constitutes a formal account of a partnership because there is no Mississippi case law addressing the issue. Therefore, we look to other areas of the law where a formal account is required for guidance. Under estate law, an executor has a duty, at least once a year, to “present under oath an account of his administration, showing the disbursements, every item of which and the amount thereof to be distinctly stated and supported by legal voucher, and it shall also show the receipts of money and from what sources.” Miss.Code Ann. § 91-7-277 (Rev.2004). A formal account of a partnership — as in an estate — should contain, at minimum, the partnership’s disbursements and receipts of money.
 
 [1]
 
 It is undisputed that the disso
 
 *1159
 
 lution proceedings did not report the partnership’s receipt of income.
 

 ¶20. In her brief, Kellum acknowledges that Cuevas had a right to a formal account at Cuevas’s expense. However, Kellum cites no authority that requires Cuevas — the ousted partner — to bare the expense of the accounting. Kellum admits the chancellor did not direct the special master to render a formal account, and that the special master did not require her to produce a monthly accounting for the period that she ran Settler’s Point without Cuevas. However, Kellum claims that a formal accounting means nothing more than an adjusting of the equities of the parties, and that the chancellor’s judgment should be affirmed because the chancellor adjusted the equities of the parties.
 
 Barry v. Mattocks,
 
 156 Miss. 424, 432-33, 125 So. 554, 556 (1930). We find no support for this proposition in
 
 Barry.
 
 It is undisputed by Cuevas, Kellum, and the special master that a formal accounting was not conducted.
 

 ¶ 21. Cuevas is entitled to a formal accounting, but the need for a formal accounting does not invalidate the special master’s report. As we have said, the special master was given four specific tasks, which did not include conducting a formal accounting. The special master was diligent and reasoned in her determination of the specific findings. Cuevas waived her objections to the findings when she failed to timely object within ten days as required under Mississippi Rules of Civil Procedure 53(g)(2). Cuevas has given this Court no reason to reject the findings of the special master. The chancellor did not err by adopting the special master’s report, but the chancellor did err in refusing to order a formal accounting and to allocate those costs. Accordingly, we find that the chancellor should order a formal accounting on remand.
 

 ¶ 22. THE JUDGMENT OF THE CHANCERY COURT OF JACKSON COUNTY IS REVERSED AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEE.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, BARNES, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR. ISHEE,J., NOT PARTICIPATING.
 

 [1]
 

 . Unlike an estate, however, a partnership is a business organization that typically accounts for its operations on an annual basis. The account for operations can be accomplished by using a computer accounting software program that prepares, or has the functions to prepare, a trial balance, income statement, balance sheet, statement of cash flow, or other accounting statements that are used in the business. We recognize that not
 
 *1159
 
 every business organization follows generally accepted accounting principles or uses a Certified Public Accountant to prepare its accounting records. However, every business organization must account for its operations, if for no other reason than to prepare and file the required tax returns. Indeed, there is no statutorily required specific form that must be used for an "accounting.” Indeed, an accounting may be as simple as a list of receipts and disbursements or as complex as an audited financial statement. However, the accounting must show the results of operations either through income that remains in the organization, liabilities of the organization, or equity balances of the owners.