# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2010-CA-00490-SCT

*RICHARD COMPERE AND JAMES A. BOBO*

*v.*

*ST. DOMINIC JACKSON MEMORIAL HOSPITAL*
*AND BRYAN LANTRIP, M.D.*


| | |
|---|---|
| DATE OF JUDGMENT: | 03/11/2010 |
| TRIAL JUDGE: | HON. W. SWAN YERGER |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANTS: | JAMES A. BOBO |
| ATTORNEYS FOR APPELLEES: | LANE W. STAINES |
| | SHARON F. BRIDGES |
| | JONATHAN R. WERNE |
| | J. LERAY MCNAMARA |
| | STEPHANIE C. EDGAR |
| NATURE OF THE CASE: | CIVIL - MEDICAL MALPRACTICE |
| DISPOSITION: | REVERSED AND REMANDED - 09/29/2011 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |


**BEFORE DICKINSON, P.J., LAMAR AND KITCHENS, JJ.**

**LAMAR, JUSTICE, FOR THE COURT:**

¶1.     Richard Compere appeals the trial court's dismissal with prejudice and imposition of

monetary sanctions for his filing a second medical-malpractice action against Dr. Bryan

Lantrip and St. Dominic-Jackson Memorial Hospital.  The Hinds County Circuit Court

imposed these sanctions because Compere previously had filed the same action, and it was

pending at the time Compere filed his second complaint. We find the trial court erred in

dismissing the second complaint with prejudice and imposing monetary sanctions. Therefore, we reverse and remand for further proceedings.

## Facts

¶2. Compere underwent a fluoroscopically guided lumbar puncture at St. Dominic to treat his headaches. This procedure was performed by Dr. Lantrip, who dictated a report concerning the procedure. Compere avers that the report contained an error, and that he underwent additional, unnecessary treatment because of it. Once Compere learned of the error, he mailed notice as required by Mississippi Code Section 15-1-36(15) to the defendants of his intent to file a malpractice action.[1] This notice was dated January 6, 2009, but was not mailed until January 8, 2009. Compere filed his first complaint on March 4, 2009, and the action was assigned to Judge W. Swan Yerger.

¶3. It is undisputed that Compere failed to wait the sixty days required by Section 15-1-36(15) before he filed the first complaint.[2] Due to that failure, the defendants moved for summary judgment.[3] Compere also filed a motion for partial summary judgment, arguing that he had complied substantially with the sixty-day notice period, and that the notice requirement violated the state and federal constitutions.

---

[1]Before the trial court, St. Dominic argued Compere had failed to provide it with any presuit notice. On that issue, the trial court ruled "[t]here is an issue of fact[.]" St. Dominic did not cross-appeal that finding.

[2]*See* Miss. Code Ann. § 15-1-36 (15) (Rev. 2003).

[3]This Court has previously found that a "failure to comply with Section 15-1-36(15) does not reach the merits of a cause of action[,]" and therefore the proper motion is to request dismissal, not summary judgment. ***Brewer v. Wiltcher***, 22 So. 3d 1188, 1190 (Miss. 2009).

¶4.     After considering the written motions and oral arguments,[4] the trial court took the matter under advisement.  Prior to the court rendering a decision, Compere filed a second, almost identical complaint with the same court on July 1, 2009.  Judge Yerger became aware of this second lawsuit, which had been assigned to Judge Tomie Green.  Judge Green transferred the lawsuit to Judge Yerger, who consolidated the two actions. Judge Yerger then dismissed the first complaint without prejudice under this Court's recent decision, ***Price v. Clark***,[5] for Compere's failure to wait sixty days before filing the first complaint.  Judge Yerger relied upon the doctrine of priority jurisdiction and dismissed the second action with prejudice, finding it was an "improperly filed action."

¶5.     Judge Yerger also assessed monetary sanctions[6] against Compere's counsel, Jim Bobo, finding the second complaint was "frivolous" and "without substantial justification," and that it was a "flagrant violation of long-standing Mississippi law."  He found the defendants had sustained unnecessary costs in defending the second action, and imposed sanctions under his inherent authority, Rule 11 of the Mississippi Rules of Civil Procedure, and the Litigation Accountability Act of 1988 (Mississippi Code Section 11-55-5).  Judge Yerger also ruled that this Court already had rejected Compere's constitutional arguments in previous decisions.

---

[4]The record does not contain a transcript of the hearing.

[5]***Price v. Clark***, 21 So. 3d 509 (Miss. 2009).

[6]Judge Yerger ordered Bobo to pay $1,711.25 to St. Dominic and $1,827.65 to Dr. Lantrip.  Bobo does not dispute the amount of sanctions, but argues the trial court had no authority to impose them.

**Discussion**

¶6.     This Court reviews questions of law de novo,[7] and applies an abuse-of-discretion standard to an award of sanctions.[8]  Mississippi Code Section 15-1-36(15) provides that *"[n]o action* based upon the health care provider's professional negligence *may be begun unless* the defendant has been given at least sixty (60) days' prior written notice of the intention to begin the action."[9]  But "a properly served complaint – albeit a complaint that is wanting of proper pre-suit notice – should still serve to toll the statute of limitations until there is a ruling from the trial court."[10]

¶7.     Compere admits that he failed to wait sixty days before filing his first complaint on March 4, 2009, and he does not appeal the trial court's dismissal without prejudice of that complaint.   However, Compere argues that the trial court erred in dismissing his second complaint with prejudice and in imposing monetary sanctions.[11]   This Court agrees. Compere filed the second complaint on July 9, 2009, well after providing sixty days' notice. Thus, assuming for purposes of this appeal that Compere sent actual notice,[12] he waited the sixty days required by Section 15-1-36(15) before filing the second lawsuit.

---

[7]***Dunn v. Yager***, 58 So. 3d 1171, 1197 (Miss. 2011).

[8]***In re Spencer***, 985 So. 2d 330, 337 (Miss. 2008).

[9]Miss. Code Ann. § 15-1-36 (15) (Rev. 2003) (emphasis added).

[10]***Price***, 21 So. 3d at 522.

[11]Compere also argues that Mississippi Code Section 15-1-36(15) is unconstitutional. However, that issue is moot under our holding.

[12]*See* footnote 1 *supra*.

4

¶8.    While the trial court relied upon the doctrine of priority jurisdiction to support its ruling, that doctrine is inapplicable.  In explaining priority jurisdiction, this Court has ruled:

> It is fundamental that a plaintiff is not authorized simply to ignore a prior action and bring a second, independent action on the same state of facts while the original action is pending.  Hence a second action based on the same cause will generally be abated where there is a prior action pending in a court of competent jurisdiction within the same state or jurisdictional territory, between the same parties, involving the same or substantially the same subject matter and cause of action, and in which prior action the rights of the parties may be determined and adjudged.[13]

¶9.    Priority jurisdiction typically applies when the same lawsuit has been filed in two different courts, not in the same court.[14]   More importantly, that doctrine presupposes a pending action that the plaintiff can proceed upon and obtain "adequate relief."[15] That is not the case with Compere's first action, since he failed to wait the required sixty days.  Even if applicable, Dr. Lantrip and St. Dominic fail to argue or cite any authority that a lawsuit should be dismissed with prejudice and with monetary sanctions under priority jurisdiction. Because the trial court erred in dismissing the second action, it abused its discretion by awarding sanctions and finding the second complaint "frivolous," "without substantial justification," and a "flagrant violation of long-standing Mississippi law."

---

[13]*Cf.* **Harrison Co. Dev. Comm'n v. Daniels Real Estate, Inc.**, 880 So. 2d 272, 276 (Miss. 2004) (quoting **Lee v. Lee**, 232 So. 2d 370, 373 (Miss. 1970)), *overruled on other grounds by* **City of Jackson v. Estate of Stewart ex rel Womack**, 908 So. 2d 703, 711 (Miss. 2005).

[14]*See* **McCleave v. McCleave**, 491 So. 2d 522, 523 (Miss. 1986).

[15]*See* **Abiaca Drainage Dist. of Leflore, Holmes, & Carroll Counties. v. Albert Theis & Sons**, 185 Miss. 110, 187 So. 200 (1939) ("The pendency of a prior suit between the same litigants and involving the same subject matter constitutes a bar unless *adequate relief is not attainable in the prior suit*.") (emphasis added)).

5

## Conclusion

¶10. Compere waited the required sixty days before refiling the second medical-malpractice action. So the trial court should have retained the second complaint instead of dismissing it with prejudice and imposing monetary sanctions.

¶11. **REVERSED AND REMANDED.**

**WALLER, C.J., CARLSON AND DICKINSON, P.JJ., RANDOLPH, KITCHENS, PIERCE AND KING, JJ., CONCUR. CHANDLER, J., NOT PARTICIPATING.**