# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2010-CA-00929-SCT

*HINDS COUNTY, MISSISSIPPI, AND SHERIFF*
*MALCOLM MCMILLIN, IN HIS OFFICIAL*
*CAPACITY*

*v.*

*VERN PERKINS, INDIVIDUALLY, AND AS*
*REPRESENTATIVE OF THE HEIRS AT LAW*
*AND WRONGFUL DEATH BENEFICIARIES OF*
*SAUN KEITH PERKINS-WILFORD, DECEASED*


| | |
|---|---|
| DATE OF JUDGMENT: | 04/20/2010 |
| TRIAL JUDGE: | HON. WINSTON L. KIDD |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| | FIRST JUDICIAL DISTRICT |
| ATTORNEYS FOR APPELLANTS: | MICHELLE TOLLE HIGH |
| | J. LAWSON HESTER |
| ATTORNEY FOR APPELLEE: | JAMES LEE KELLY |
| NATURE OF THE CASE: | CIVIL - WRONGFUL DEATH |
| DISPOSITION: | APPEAL DISMISSED - 06/30/2011 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**KITCHENS, JUSTICE, FOR THE COURT:**

¶1.     In this wrongful death case, a prisoner escaped from the custody of the Hinds County

sheriff, and, while evading capture, the escapee struck a pedestrian with a stolen vehicle.

The pedestrian died, and a wrongful death suit was filed against the County. The trial court

denied the County's motion for summary judgment based on its claim of sovereign

immunity, and the County appealed. Finding no right to appeal a pretrial denial of sovereign immunity, we dismiss the appeal because of its interlocutory nature.

## Facts and Procedural History

¶2. According to the complaint, on July 14, 2005, Inmate Travis Smith escaped from the custody of the Hinds County Sheriff's Department. While on the run, Smith obtained an automobile and, as he was driving, struck a pedestrian, Saun Keith Perkins-Williford. Smith fled the scene of the accident, and Perkins-Williford died of his injuries.

¶3. Vern Perkins, individually and as the representative of the decedent's wrongful death beneficiaries, filed suit against the Hinds County Sheriff, in his official capacity, and the Hinds County Board of Supervisors (collectively, "Hinds County"). Perkins alleged that the County was liable for Perkins-Williford's death because it had "failed to use ordinary care in the exercise of its non-discretionary duty to confine [Smith] and prevent his escape." The complaint also alleged that "any and all actions or omissions on the part of 'police employees' relating to the events herein complained of, were in reckless disregard of the safety and well-being of Plaintiff's decedent."

¶4. Hinds County filed a motion to dismiss and/or for summary judgment, arguing that it was immune from liability under the Mississippi Tort Claims Act (MTCA), Mississippi Code Section 11-46-9 (Supp. 2010). Perkins filed a response, attaching Smith's arrest record, a deposition transcript of the deputy sheriff who had been guarding Smith the day of his escape, the accident report, and the transcript of Smith's guilty pleas to felony escape and leaving the scene of an accident. It is not clear from the record whether there was a hearing;

but on April 20, 2010, the circuit judge summarily denied the County's motion, stating in its order that "there are genuine issues of material fact to be resolved in this matter."

¶5. Hinds County filed its notice of appeal on May 19, 2010, within the time for filing a direct appeal, but outside the time for filing a petition for interlocutory appeal. Although the denial of its motion to dismiss and/or for summary judgment was an interlocutory order, the County alleged in its notice of appeal that a denial of sovereign immunity should be automatically appealable. The plaintiff did not file with this Court a motion to dismiss the appeal. Instead, Perkins argues in his reply brief that this Court should dismiss the appeal and award attorney's fees.

## Discussion

¶6. We are asked to determine whether denials of motions for summary judgment based on claims of sovereign immunity are directly appealable despite their interlocutory nature. Questions of jurisdiction are questions of law, reviewed *de novo*. *RAS Family Partners, LP v. Onnam Biloxi, LLC*, 968 So. 2d 926, 928 (Miss. 2007) (citing *Trustmark Nat'l Bank v. Johnson*, 865 So. 2d 1148, 1150 (Miss. 2004)).

¶7. The parties do not dispute that the denial of a motion for summary judgment is an interlocutory order or that the only means of seeking appellate review of an interlocutory order is by filing a petition with this Court under Rule 5 of the Mississippi Rules of Appellate Procedure. That rule provides, in relevant part:

> **(a) Petition for Permission to Appeal.** An appeal from an interlocutory order may be sought if a substantial basis exists for a difference of opinion on a question of law as to which appellate resolution may:

3

(1) Materially advance the termination of the litigation and avoid exceptional expense to the parties; or

(2) Protect a party from substantial and irreparable injury; or

(3) Resolve an issue of general importance in the administration of justice.

Appeal from such an order may be sought by filing a petition for permission to appeal with the clerk of the Supreme Court within 21 days after the entry of such order in the trial court with proof of service on the trial judge and all other parties to the action in the trial court.

M.R.A.P. 5(a). *See also* M.R.C.P. 54(b) (providing that a judgment is not final, and therefore not appealable, if it "adjudicates fewer than all of the claims or the rights and liabilities of fewer than all the parties").

¶8.     Hinds County did not file a petition for interlocutory appeal within 21 days of the circuit court's denial of its motion for summary judgment. Instead, the County filed a notice of appeal pursuant to Rule 4 of the Mississippi Rules of Appellate Procedure, which governs appeals as of right. The County argues that we should adopt the federal approach, which allows appeals as of right from orders denying qualified or absolute immunity to the extent they are based on questions of law.

¶9.     Federal courts of appeal have jurisdiction over "final decisions" of district courts. 28 U.S.C. § 1291 (2006). Thus, the courts of appeal may entertain interlocutory review of district court decisions in limited circumstances, that is, when a collateral order is tantamount to a "final decision." *Johnson v. Jones*, 515 U.S. 304, 310, 115 S. Ct. 2151, 132 L. Ed. 2d 238 (1995) (citing *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 69 S. Ct. 1221, 93

4

L. Ed. 1528 (1949); 28 U.S.C. § 1291) (2006).  In determining whether a collateral order amounts to a final decision which qualifies for immediate appeal, the order must "[1] conclusively determine the disputed question, [2] resolve an important issue completely separate from the merits of the action, and [3] be effectively unreviewable on appeal from a final judgment."  ***Johnson***, 515 U.S. at 310 (quoting ***Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.***, 506 U.S. 139, 144, 113 S. Ct. 684, 121 L. Ed. 2d 605 (1993) (brackets in original)).

¶10.    The Supreme Court has applied this "collateral order doctrine" to hold that federal courts of appeal have jurisdiction to review denials of immunity with respect to public officials, sued in their individual capacities under federal law, as long as that determination turns on a matter of law.  ***Mitchell v. Forsyth***, 472 U.S. 511, 526-30, 105 S. Ct. 2806, 2815-16, 86 L. Ed. 2d 411 (1985).  In ***Forsyth***, 472 U.S. at 525-27, the Supreme Court held that the denial of immunity to a public official, whether qualified or absolute, was "effectively unreviewable" after trial because immunity contemplates protection not simply from liability, but also from standing trial.  The Court likened a denial of immunity to a denial of a criminal defendant's right not to stand trial on double jeopardy grounds:

> A major characteristic of the denial or granting of a claim appealable under ***Cohen***'s "collateral order" doctrine is that "unless it can be reviewed before [the proceedings terminate], it can never be reviewed at all."  ***Stack v. Boyle***, 342 U.S. 1, 12, 72 S. Ct. 1, 7, 96 L. Ed. 1 (1952) (opinion of Jackson, J.); *see also* ***United States v. Hollywood Motor Car Co.***, 458 U.S. 263, 266, 102 S. Ct. 3081, 3083, 73 L. Ed. 2d 754 (1982).  When a district court has denied a defendant's claim of right not to stand trial, on double jeopardy grounds, for example, we have consistently held the court's decision appealable, for such a right cannot be effectively vindicated after the trial has occurred.  ***Abney v.***

5

*United States*, 431 U.S. 651, 97 S. Ct. 2034, 52 L. Ed. 2d 651 (1977). Thus, the denial of a substantial claim of absolute immunity is an order appealable before final judgment, for the essence of absolute immunity is its possessor's entitlement not to have to answer for his conduct in a civil damages action. *See Nixon v. Fitzgerald*, 457 U.S. 731, 102 S. Ct. 2690, 73 L. Ed. 2d 349 (1982); *cf. Helstoski v. Meanor*, 442 U.S. 500, 99 S. Ct. 2445, 61 L. Ed. 2d 30 (1979).

*Id.* at 525. However, not every claim to governmental immunity qualifies as immunity from suit. The United States Supreme Court has cautioned that "[Section] 1291 requires courts of appeals to view claims of a 'right not to be tried' with skepticism, if not a jaundiced eye, for virtually every right that could be enforced appropriately by pretrial dismissal might loosely be described as conferring a 'right not to stand trial.'" *Swint v. Chambers County Comm'n*, 514 U.S. 35, 43, 115 S. Ct. 1203, 131 L. Ed. 2d 60 (1995) (quoting *Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 873, 114 S. Ct. 1992, 128 L. Ed. 2d 842 (1994)).

¶11.    The County's argument, that immunity under the MTCA shields the governmental entity from having to defend itself in court proceedings, relies largely on the following language from *Mitchell v. City of Greenville*, 846 So. 2d 1028, 1029 (Miss. 2003):

> The Mississippi Legislature has determined that governmental entities and their employees shall be exempt from liability in certain situations as outlined in [Mississippi Code Section] 11-46-9. This exemption, like that of qualified or absolute immunity, is an entitlement not to stand trial rather than a mere defense to liability and, therefore, should be resolved at the earliest possible stage of litigation. *Cf. Saucier v. Katz*, 533 U.S. 194, 200-01, 121 S. Ct. 2151, 150 L. Ed. 2d 272 (2001). Therefore, immunity is a question of law and is a proper matter for summary judgment under [Mississippi Rule of Civil Procedure] 56.

Thus, *Mitchell* established that the question of sovereign immunity under Mississippi law was an appropriate matter for summary judgment because the MTCA contemplates immunity from both liability and judicial proceedings. However, *Mitchell*, 846 So. 2d at 1029, was properly before this Court by way of a direct appeal as a result of the trial court's *grant* of summary judgment in favor of the governmental entity. *Mitchell* did not hold that a governmental defendant has a right to appeal directly a denial of summary judgment; the opinion simply noted that the better practice is for trial courts to resolve issues of immunity "at the earliest possible stage of litigation." *Id.*[1]

¶12. This Court has never recognized that governmental immunity from suit establishes a right directly to appeal a pretrial ruling denying immunity. Instead, denials of immunity at the summary judgment stage are reviewed via the interlocutory appeal process. *See e.g., Gorton v. Rance*, 52 So. 3d 351 (Miss. 2011); *Miss. Dep't of Mental Health v. Shaw*, 45 So. 3d 656, 657 (Miss. 2010); *Covington County Sch. Dist. v. Magee*, 29 So. 3d 1 (Miss. 2010).

¶13. Other than *Mitchell*, 846 So. 2d 1028, the only Mississippi case cited by the County on this issue is *Meeks v. Miller*, 956 So. 2d 864 (Miss. 2007). The County does not explain how *Meeks* supports its position; but, because the case was before the Court on a petition for certiorari, the opinion in that case might lead one to believe that this Court allowed a direct appeal from a denial of summary judgment based on sovereign immunity. *Meeks*, 956 So.

---

[1]This Court also has recognized, in a case that turned on pre-MTCA immunity law, that this "entitlement not to stand trial" may, in addition, protect state governmental actors from unnecessary discovery. *McQueen v. Williams*, 587 So. 2d 918, 924-25 (Miss. 1991).

2d at 867. However, the Court of Appeals' opinion (from which this Court granted a petition for certiorari) makes it clear that the case was "an interlocutory appeal." *Meeks v. Miller*, 956 So. 2d 942, 943 (Miss. Ct. App. 2006).

¶14. According to the appellate record in *Meeks*, the defendant filed a direct appeal from a denial of summary judgment, and the plaintiffs filed a motion to dismiss the appeal because of its interlocutory nature. The defendant responded with many of the same arguments made by the County in the instant case. This Court then entered an order treating the notice of appeal as a petition for interlocutory appeal, and granting the request for review. Rather than retaining the case for review, as is the normal course of action in interlocutory appeals, we assigned the case to the Court of Appeals. Although the notice of appeal was filed outside the time for seeking interlocutory review under Rule 5 of the Mississippi Rules of Appellate Procedure, the defendant did not receive timely notice of the trial court's order from the Hinds County Circuit Clerk's Office. Moreover, the defendant requested in his notice of appeal that, as an alternative, this Court treat the notice as a petition for interlocutory appeal. Thus, the appellate proceedings in *Meeks* do not support the County's position and simply reaffirm our normal practice of interlocutory review.

¶15. The County's remaining arguments are based on federal law, and it implicitly recognizes that we are in no way bound by those decisions.[2] Indeed, the United States

---

[2]In its reply brief, the County cites *Ortiz v. Jordan*, __ U.S. __, 131 S. Ct. 884, 884, 893 (Jan. 24, 2011), stating that "the failure to raise the denial of immunity at the time the denial is issued may in fact preclude a defendant from being able to assert that right at a later time." *Ortiz* has no application here, first, because it involved a claim under federal law, and

Supreme Court has held that there is no federal right to an interlocutory appeal in state court from a denial of qualified immunity. *Johnson v. Fankell*, 520 U.S. 911, 117 S. Ct. 1800, 138 L. Ed. 2d 108 (1997). *See also In re World Trade Center Disaster Site Litigation*, 521 F.3d 169, 181 (2d Cir. 2008) ("[F]ederal law decides the categories of appealable orders; state law determines if a state law claim, or defense, falls within one of the categories.")

¶16.    Hinds County argues that this Court should adopt the "collateral order doctrine"; but as discussed above, that doctrine was established in response to the federal statute which limits courts of appeals' jurisdiction to "final decisions" of district courts. 28 U.S.C. § 1291 (2006). This Court derives its jurisdiction from the Mississippi Constitution and state statutes. Miss. Const. art. 6, § 146 ("The Supreme Court shall have such jurisdiction as properly belongs to a court of appeals and shall exercise no jurisdiction on matters other than those specifically provided by this Constitution or by general law.") Moreover, we have recognized that the federal "collateral order doctrine" exists in the double jeopardy context, but have not interpreted the doctrine to allow a state right to immediate appeal. *Beckwith v. State*, 615 So. 2d 1134, 1138 (Miss. 1992) (citing *Abney*, 431 U.S. at 657). Instead, review of denials of motions to dismiss criminal charges based on double jeopardy is permissible, not mandatory. *Id.*

---

second, because the immunity defense at issue did not meet the federal standard for collateral review. The central holding in *Ortiz*, 131 S. Ct. at 889, was that a party may not appeal an order denying summary judgment after a full trial on the merits.

¶17. In Mississippi, the only time an appeal of right is allowed from an otherwise interlocutory order is in the case of an appeal from an order either denying or granting arbitration. *Sawyers v. Herrin-Gear Chevrolet Company, Inc.*, 26 So. 3d 1026, 1034 (Miss. 2010). Of course, "[w]hen a commercial transaction involving interstate commerce includes an agreement to arbitrate disputes, federal law controls the enforcement of the arbitration agreement," *MS Credit Center, Inc. v. Horton*, 926 So. 2d 167, 173 (Miss. 2006) (citing *Guiness Harp Corp. v. Jos. Schlitz Brewing Co.*, 613 F. 2d 468 (2d Cir. 1980)), which includes the right to appeal. *Sawyers*, 26 So. 3d at 1034. As already discussed, in the present case, state law governs the right to appeal.

¶18. Moreover, unlike denials of sovereign immunity, a denial of arbitration does not require us first to determine whether the issue turns on a question of law before the right to appeal arises. Often, a governmental entity's immunity will turn on factual determinations that may not be adjudicated fully until a bench trial has occurred. The trial judge, as the trier of fact, initially may deny an immunity claim, but reconsider his or her ruling after a full trial on the merits. In those instances, an appeal as of right from the initial denial would not serve the interests of judicial economy. Hinds County does not tell this Court how a "collateral order doctrine" would be any more efficient than our present practice under Rule 5 of the Mississippi Rules of Appellate Procedure, which entitles parties to seek permissive appeals to resolve questions of law. Thus, we decline to adopt a rule that would allow direct appeals as of right from pretrial denials of sovereign immunity.

10

## Conclusion

¶19. We find no compelling reason to abandon our current practice regarding interlocutory review of pretrial denials of sovereign immunity. *See* M.R.A.P. 5. Therefore, we dismiss this appeal. Because the plaintiff has not cited any authority to support his request for attorney fees, the issue is not properly presented to the Court, and therefore, the request is denied. ***United Amer. Ins. Co. v. Merrill***, 978 So. 2d 613, 631 (Miss. 2007); M.R.A.P. 28(a)(6).

¶20. **APPEAL DISMISSED.**

**WALLER, C.J., CARLSON AND DICKINSON, P.JJ., RANDOLPH, LAMAR, CHANDLER, PIERCE AND KING, JJ., CONCUR.**