# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2014-CA-00582-SCT

*RANDY BRASWELL d/b/a WORLDWIDE COMPANIES*

*v.*

*ERGON OIL PURCHASING, INC.*

| | |
|---|---|
| DATE OF JUDGMENT: | 11/26/2013 |
| TRIAL JUDGE: | HON. JOHN HUEY EMFINGER |
| TRIAL COURT ATTORNEYS: | STEPHEN STACK |
| | J. KEVIN WATSON |
| | MAISON HEIDELBERG |
| | DUNBAR DOWDY WATT |
| | WAYNE DOWDY |
| COURT FROM WHICH APPEALED: | RANKIN COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | DUNBAR DOWDY WATT |
| | C. WAYNE DOWDY |
| ATTORNEYS FOR APPELLEE: | C. MAISON HEIDELBERG |
| | J. KEVIN WATSON |
| | C. STEPHEN STACK, JR. |
| NATURE OF THE CASE: | CIVIL - CONTRACT |
| DISPOSITION: | REVERSED AND REMANDED - 10/08/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**LAMAR, JUSTICE, FOR THE COURT:**

¶1. Randy Braswell sued Ergon Oil Purchasing, Inc., in Amite County Circuit Court over some oil contracts. Two days later, Ergon brought a declaratory judgment action (the subject of this appeal) against Braswell in Rankin County Circuit Court over those same contracts.

Ergon then removed the Amite County action to federal court, where it remained for eighteen months before it was remanded. In the meantime, Ergon obtained summary judgment against Braswell in Rankin County. Braswell appeals to this Court, arguing that the Rankin County judge erred when he granted summary judgment in Ergon's favor and when he refused to transfer the action to Amite County. We agree with Braswell that the action should have been transferred to Amite County, and we therefore reverse the judgment of the Rankin County circuit judge based on the doctrine of priority jurisdiction, and remand the case to the circuit court.

**FACTS AND PROCEDURAL HISTORY**

¶2. For a number of years, Ergon purchased oil that was owned or leased by Braswell in Amite and Pike counties. The agreements to purchase usually were for short periods of time, and they stated that Ergon would pay Braswell an "agreed upon price" for his oil. Ergon would then follow up with a letter confirming the price it would pay. The pertinent letters specified that Ergon would pay Braswell "Plains Marketing's South Louisiana Light Sweet (Onshore) average posted price for crude oil," plus a bonus per barrel.

¶3. In early 2011, Braswell learned of Ergon's "deception and misrepresentation." He sent a letter to Ergon dated May 12, 2011, in which he alleged that his "trust in Ergon was shattered in early March when an internal audit revealed that Ergon was paying [him] as much as $27.95 a barrel under the market for [his] oil." Braswell alleged that he had contacted several producers in the area and asked them what they were being paid for February 2011 oil. Braswell asserted that the "average price they received was Plains St.

2

James Spot of $115.52 plus $3.00 bonus ($118.52)," and that he was paid "$87.57 by Ergon for 40 degree gravity oil."

¶4.     Braswell also alleged that he had contacted Clarence Foreman at Ergon and explained the situation. Foreman "did not have an explanation," but two days later, Foreman contacted Braswell and told him Ergon "was giving [him] a bonus of $9.50 per barrel effective March 1, 2011. Next came a bonus of $15.00 per barrel effective May 1, 2011." The parties exchanged a couple more letters but apparently were unable to resolve the issue.

### Braswell sues Ergon in Amite County.

¶5.     Braswell ultimately filed a complaint against Ergon in Amite County Chancery Court, but he voluntarily dismissed that suit several months later. The day after his voluntary dismissal, he filed a complaint against Ergon in Amite County Circuit Court. Braswell alleged that Ergon had represented to him that he would receive a better price than what he would receive if he sold it to Ergon's competitor, Plains Purchasing. Braswell alleged that he had agreed to contract based on those representations by Ergon's agents, and that Ergon's agents "concealed from [him] that he was not actually being paid the price he would have received from Plains Purchasing, plus a bonus of three dollars ($3.00) per barrel, but was actually being paid on an index which has never actually been used by Plains Purchasing, or any other oil purchaser." Braswell asserted claims for breach of the duty of good faith and fair dealing, misrepresentation, and fraud. He demanded $5,300,609.91 in damages, plus interest and attorneys' fees.[1]

[1] This number represented $1,726,565.72 in compensatory damages based on Ergon's alleged fraudulent conduct, plus $3,574,044.19 in consequential damages that resulted when

***Ergon sues Braswell in Rankin County***.

¶6.    Two days later, Ergon filed a complaint for declaratory relief in Rankin County Circuit Court. Ergon alleged that it had entered into short-term contracts with Braswell to purchase his oil, and that the contracts "specified a specific, published index which would serve as the basis for determining the price paid for oil production during the period covered by the agreement." Ergon alleged that, in each case, it had paid Braswell "based off of this published price plus any bonus that was specified in the agreements." Ergon requested that the Court "enter a declaratory judgment declaring the parties ['] rights, liabilities and obligations in regard to the agreements and other claims made by Braswell in his letters and his now dismissed complaint."[2]

***Ergon removes the Amite County action***.

¶7.    Ergon then removed the Amite County action to federal court. Following an amended complaint filed by Braswell and an answer filed by Ergon, Braswell filed a motion to remand. The motion to remand apparently went unresolved for more than eighteen months. The docket for the federal action is not included in the record, and the parties do not explain what transpired in that case in their briefs before this court, except to note that the case ultimately was remanded to Amite County.

---

Braswell sold his oil interests in Pike and Amite Counties to a third party (because the sale price was based on a formula of forty-eight times the average sales price per month).

    [2]Ergon apparently was unaware at the time that Braswell had filed a second complaint against it two days prior.

***Braswell argues priority jurisdiction in Rankin County.***

¶8.     Braswell responded to Ergon's complaint for declaratory relief with a motion to dismiss, arguing that the Rankin County suit should be dismissed based on priority jurisdiction, stating: "[u]nder well-established Mississippi law, the Circuit Court of Amite County retains jurisdiction over the whole controversy to the exclusion of the second lawsuit filed in Rankin County."  But Braswell then seemingly abandoned his motion to dismiss when he filed an answer and counterclaim[3] a few months later.  Braswell stated before the circuit judge and states again in his brief that he did not pursue his motion to dismiss because he did not think it would be successful, based on Ergon's removal of the Amite County action.  Braswell noted that "[f]ederal courts and state courts are not considered courts of concurrent jurisdiction in terms of the priority jurisdiction rule."

***Ergon moves for summary judgment in Rankin County.***

¶9.     Ergon filed a motion for summary judgment a few weeks after Braswell filed his answer/counterclaim.  Ergon argued that it had "always paid" Braswell the Plains Marketing posted price, and that the letter agreements "unambiguously state that the price of the oil is the Plains Marketing average 'posted price.'"  Thus, argued Ergon, because the contract price was "unambiguous and because [it] complied with the terms of the letter agreements by paying the contract price, [it] was entitled to summary judgment as a matter of law."

---

[3]Braswell asserted the same three claims in his counterclaim that he had asserted in his Amite County complaint: breach of the duty of good faith and fair dealing, misrepresentation, and fraud.

¶10. Braswell argued in response that questions of fraud and misrepresentation are inappropriate for summary judgment, and that the "agreed upon price" language in the contracts was ambiguous and should be interpreted by a jury. The circuit judge held a hearing on Ergon's motion and took it under advisement. A couple of weeks after the hearing, the judge entered an order denying Ergon's motion, stating that "a question of fact remains, at this point, as to the issue of fraud in the inducement."

### *Ergon renews its motion for summary judgment in Rankin County*.

¶11. About three months later, Ergon filed a renewed motion for summary judgment. Ergon again argued that it had paid Braswell the Plains Marketing "posted price" as stated in the letter agreements. It argued that Braswell could have discovered any misrepresentation by reading the contracts, and that any misrepresentations were mere "puffing" that do not give rise to a fraud or misrepresentation claim. Ergon also argued that it did not violate the covenant of good faith and fair dealing because it acted in accordance with the "express terms" of the contract.

¶12. The circuit judge held a hearing on Ergon's renewed motion and took the motion under advisement. About five weeks later, the circuit judge entered an order granting Ergon's renewed motion. The order stated, in pertinent part:

> Specifically, the Court finds that the Ergon contracts with Braswell are not ambiguous, and through deemed admissions and a supporting affidavit, the uncontradicted facts establish that Braswell was paid the amounts specified by the contracts such that Ergon met its burden of establishing that it complied with the terms of each letter agreement . . . . The Court further finds that Ergon is entitled to summary judgment as to the counterclaim filed by Braswell in that there is not sufficient evidence to create a genuine issue of material fact.

6

***Braswell files his Rule 59(e) motion and attempts for the second time to
transfer the action to Amite County.***

¶13.    Braswell filed a motion for reconsideration under Mississippi Rule of Civil Procedure
59(e), arguing (1) that it was "clear error" to grant Ergon's renewed motion when no new
evidence was before the court; (2) that it was "clear error" to grant summary judgment on
Braswell's fraud claim; and (3) that performance of a contract does not negate fraudulent
inducement.  Ergon responded to the motion and set it for hearing.

¶14.    While his Rule 59 motion was pending, Braswell filed a renewed motion to remand
in the Amite County action, and the district court finally remanded the action to Amite
County.  Braswell then filed a motion to transfer the Rankin County action to Amite County,
arguing that Amite County was the court that "first acquired jurisdiction" over the matter,
and that the Rankin County suit should be "dismissed or transferred to . . . Amite County."
Ergon responded and argued that priority jurisdiction no longer applied, because a final
judgment had been entered in the case.  Ergon argued that the summary judgment was "res
judicata as to the Amite County suit, and Braswell's motion to transfer venue is both
procedurally incorrect and untimely."

¶15.    The circuit judge held a hearing on Braswell's Rule 59 motion and his motion to
transfer, and he allowed the parties to provide supplemental authorities after the hearing.  A
couple of months later, the circuit judge entered orders denying both of Braswell's motions.
The judge did not articulate his reasons for denying the Rule 59 motion, but in his order
denying Braswell's motion to transfer he stated, in pertinent part:

7

Braswell apparently decided to abandon his effort to dismiss this action due to the priority of the Amite County litigation and filed his [answer and counterclaim]. Thereafter, Braswell participated in discovery, in the hearing of other motions before the Court and even attempted to have the case removed to Federal Court. At no time prior to the Court's granting of summary judgment did Braswell attempt to bring before the Court the issue of the Amite County litigation as a bar to proceeding in this case. The Court finds that Braswell elected to proceed in this cause, abandoned his motion to dismiss on the basis of the Amite County litigation and has, therefore, waived any right he may have had to cause this case to be dismissed or transferred to Amite County. No case cited by Braswell matches the facts of this case. I cannot imagine any authority which would allow Braswell to deliberately proceed in this case for over a year and then, after an adverse decision, cause this case, which has already been decided, to be transferred to Amite County.

Because the procedural history of this appeal is complicated, and because the timing of events is important, we provide the following timeline of relevant events for clarity:

| April 11, 2012 | Braswell files suit in Amite County Circuit Court. |
| April 13, 2012 | Ergon files suit in Rankin County Circuit Court. |
| April 19, 2012 | Ergon is served in the Amite County action. |
| April 24, 2012 | Braswell is served in the Rankin County action. |
| May 11, 2012 | Ergon removes the Amite County action to federal court. |
| May 23, 2012 | Braswell files motion to remand the action to Amite County. |
| June 1, 2012 | Braswell files motion to dismiss Ergon's complaint in Rankin County. |
| October 31, 2012 | Braswell files his answer and counterclaim in Rankin County. |
| November 26, 2012 | Ergon files its first motion for summary judgment. |

| | |
|---|---|
| May 15, 2013 | Braswell responds to Ergon's motion for summary judgment. |
| May 20, 2013 | Trial judge hears Ergon's motion. |
| June 3, 2013 | Trial judge enters order denying Ergon's motion. |
| August 23, 2013 | Ergon files its renewed motion for summary judgment. |
| October 22, 2013 | Trial judge hears Ergon's renewed motion. |
| November 27, 2013 | Trial judge enters summary judgment in Ergon's favor on both its declaratory judgment action and on Braswell's counterclaims. |
| December 6, 2013 | Braswell files a Rule 59(e) motion for reconsideration. |
| January 17, 2014 | Braswell files a renewed motion to remand in the removed Amite County action. |
| January 30, 2014 | District Court remands Amite County action to state court. |
| February 6, 2014 | Braswell files motion to transfer case to Amite County. |
| March 18, 2014 | Trial judge hears Braswell's Rule 59(e) motion and motion to transfer. |
| April 9, 2014 | Trial judge denies Braswell's motion for reconsideration. |
| April 10, 2014 | Trial judge denies Braswell's motion to transfer. |

Braswell now appeals to this Court and presents three issues:

1. Did the Circuit Court err when it granted summary judgment on Braswell's counter-claims for fraudulent inducement to contract based upon a finding that there are no genuine issues of material fact?

9

2. Did the Circuit Court err when it found that performance by Ergon of the contracts at issue negated Braswell's claim of fraudulent inducement to contract?

3. Pursuant to the priority jurisdiction rule, did the Circuit Court err when it declined to transfer this lawsuit to the Circuit Court of Amite County, Mississippi?

We find that the priority-jurisdiction issue is dispositive, and we decline to address Braswell's fraud arguments.

## STANDARD OF REVIEW

¶16.    Jurisdiction is a question of law which this Court reviews de novo. ***Derr Plantation, Inc. v. Swarek***, 14 So. 3d 711, 715 (Miss. 2009). And the standard of review in a summary-judgment case is well-known. Mississippi Rule of Civil Procedure 56(c) allows summary judgment where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. ***Conrod v. Holder***, 825 So. 2d 16, 18 (Miss. 2002). This Court will review a granted motion for summary judgment de novo. ***Id.*** When conducting a de novo review, this Court must view the evidence in the light most favorable to Braswell, but if the evidence shows that Ergon is entitled to judgment as a matter of law, summary judgment should be entered in its favor. ***Id.***

## ANALYSIS

¶17.    Braswell argues that the circuit judge erred when he refused to transfer the action to Amite County. We agree.

¶18.    This Court "repeatedly" has stated that it is a "'well established rule in this jurisdiction that where two (2) suits between the same parties over the same controversy are brought in

10

courts of concurrent jurisdiction, the court which first acquires jurisdiction retains jurisdiction over the whole controversy *to the exclusion or abatement of the second suit*."" *Copiah Med. Assocs. v. Mississippi Baptist Health Sys.*, 898 So. 2d 656, 663 (Miss. 2005) (citations omitted) (emphasis added). Priority of jurisdiction is determined by the date the initial pleading was filed, provided "'process issues in due course.'" *Id.* (citations omitted). "In order that the rule may be applicable which *prevents interference by another court with the jurisdiction of the court first assuming it*, the second action should be between the same parties, seeking on the one hand, and opposing on the other, the same remedy . . . . "" *Id.* (citations omitted) (emphasis added).

¶19.   "'It is fundamental that a plaintiff is not authorized simply to ignore a prior action and bring a second, independent action on the same state [sic] of facts while the original action is pending.'" *Long v. McKinney*, 897 So. 2d 160, 172 (Miss. 2004) (citations omitted). "'Hence a second action based on the same cause will generally be abated where there is a prior action pending in a court of competent jurisdiction within the same state or jurisdictional territory, between the same parties, involving the same or substantially the same subject matter and cause of action, and in which prior action the rights of the parties may be determined and adjudged.'" *Id.*

¶20.   In *RAS Family Partners, LP v. Onnam Biloxi, LLC*, 968 So. 2d 926 (Miss. 2007), the parties asked this Court to "determine the appropriate jurisdiction, specifically whether the circuit court [had] priority jurisdiction." *Id.* at 928. RAS had filed suit against Onnam in the Harrison County Circuit Court, seeking a declaratory judgment that some contracts

11

were no longer binding. *Id.* at 927. A month later, Onnam filed suit in Harrison County Chancery Court, seeking specific performance and damages. *Id.* at 927-28. Both parties filed motions to transfer their actions to the other court, which the respective courts denied, and the parties appealed. *Id.* at 928.

¶21. This Court stated that

> [t]he "first to file" or "race to the courthouse" rule is well-established in Mississippi case law: "[w]here two suits between the same parties over the same controversy are brought in courts of concurrent jurisdiction, the court which first acquires jurisdiction retains jurisdiction over the whole controversy to the exclusion or abatement of the second suit."

*Id.* at 929. After determining that the circuit court properly could hear RAS's complaint, this Court stated simply that "[b]ecause the chancery complaint was filed nearly a month after the first pleading in circuit court, the circuit court has priority jurisdiction." *Id.* This Court reversed the chancellor's order denying the motion to transfer and remanded the action to chancery court with directions to transfer the action to circuit court. *Id.* at 930.

¶22. Here, it is undisputed that Braswell filed his complaint in Amite County first. And it is undisputed that the Amite County Circuit Court is a proper forum for Braswell's complaint. And because this Court repeatedly has stated that the first court to obtain jurisdiction retains jurisdiction over the whole controversy *to the exclusion of* the second suit, we find that the Rankin County circuit judge should have transferred this case to Amite County upon being asked to do so.

¶23. We are not persuaded by Ergon's argument on appeal. It argues first that Braswell waived his right to argue priority jurisdiction when he "abandoned" his motion to dismiss and

participated in the Rankin County case substantively; and secondly that priority jurisdiction cannot apply once a final judgment has been entered. We find no merit in either of these arguments.

¶24. First, we do not agree that Braswell waived his right to argue that the Rankin County action should have been dismissed based on priority jurisdiction. As discussed above, Braswell initially filed a motion to dismiss, specifically arguing that "[u]nder well-established Mississippi law, the Circuit Court of Amite County retains jurisdiction over the whole controversy to the exclusion of the second lawsuit filed in Rankin County. Therefore, this lawsuit . . . should be dismissed."

¶25. It was only after Braswell's counsel determined that federal courts and state courts are not considered courts of "concurrent jurisdiction" for priority-jurisdiction purposes[4] that he abandoned his motion to dismiss and filed an answer and counterclaim. But he immediately reasserted his argument following the district court's remand of the Amite County action, filing a motion to transfer.

¶26. In short, Braswell raised the priority-jurisdiction argument initially, and he immediately reasserted it once the Amite County action had been remanded. Stated differently, except for the time that the Amite County action was pending in federal court—a

_____

[4]And Braswell is correct in that determination: "As a general rule, the principle of priority jurisdiction does not apply where like suits are pending in both state and federal courts. Because federal and state courts are separate jurisdictional sovereigns, the pendency of an action in a federal court is not ground for abatement of a like suit in a state court.'" *Crawford v. Morris Transp., Inc.*, 990 So. 2d 162, 169 (Miss. 2008) (citations omitted). Interestingly, Ergon seems to acknowledge this principle in its brief, yet still argues that Braswell somehow waived his argument.

13

court which this Court has stated is not a court of "concurrent jurisdiction" for purposes of priority jurisdiction—Braswell was actively seeking dismissal based on priority jurisdiction. Ergon's waiver argument is without merit.

¶27.    Ergon argues secondly that "priority jurisdiction cannot apply after a final judgment has been entered."  While we agree with this general premise of law, we cannot agree with Ergon here, because the Rankin County judge's order granting summary judgment was not final.  Because of Braswell's pending Rule 59 motion, neither party could take any action—Braswell could not appeal, and Ergon could not move forward to enforce its judgment.  As such, the Rankin County judge did not issue a "final" order until he denied Braswell's Rule 59 motion, which occurred *after* the federal court remanded the Amite County action to state court and *after* Braswell requested that he dismiss the case or transfer it there.  In other words, the trial judge still had jurisdiction over the case and the power to change his mind on his summary-judgment ruling when the priority-jurisdiction argument was presented to him.

¶28.    In short, we find that a summary-judgment ruling is not "final" for purposes of priority jurisdiction while a Rule 59 motion is pending.  As this Court said in **Bruce v. Bruce**, 587 So. 2d 898, 904 (Miss. 1991):

> When hearing a motion under Rule 59(e), a *trial court proceeds de novo, if not ab initio*. Recognizing that to err is human, *Rule 59(e) provides the trial court the proverbial chance to correct its own error to the end that we may pretermit the occasion for a less than divine appellate reaction*. Rule 60(b) motions, on the other hand, proceed on the assumption that the trial court has entered a valid and enforceable judgment which has become final. When considering such a motion, the trial court proceeds under Rule 60(b)'s mandate that finality considerations be balanced against any equities movant may assert. Finality of

14

judgments as a policy reason for denial is not nearly so strong when the motion is under Rule 59(e) as when Rule 60(b) is invoked. *Put otherwise, the trial court has considerably broader discretionary authority under Rule 59(e) to grant relief than it does under Rule 60(b).*

(Emphasis added.) *See also* **Sweet Valley Missionary Baptist Church v. Alfa Ins. Corp.**, 124 So. 3d 643, 645 (Miss. 2013) ("Rule 59(e) motions stay the finality of judgments as well as the thirty-day time period to appeal.") (citation omitted).

¶29.    Ergon argues finally on this point that "[w]hile a first filed suit generally has priority jurisdiction, that jurisdiction must be invoked. But once a judgment is entered in either case, res judicata applies . . . . Courts have repeatedly and uniformly held that a final judgment is enforceable for res judicata purposes even if a post trial motion or an appeal is pending." But even assuming for purposes of argument that the Rankin County judge's summary-judgment ruling was final (which we already have specifically rejected), Ergon cites no controlling law to support its res judicata argument. It is true that this Court has said that "the judgment in the former suit is res adjudicata of everything complained of in the present lawsuit . . . and that the appeal to the Supreme Court of Mississippi does not prevent it from being res adjudicata." **Smith v. Malouf**, 597 So. 2d 1299, 1301 (Miss. 1992). But the **Smith** Court clearly did not extend that rule to Rule 59 motions, and Braswell's attempt to extend that rule here is unconvincing.

**CONCLUSION**

¶30.    The doctrine of priority jurisdiction mandates that this action be transferred to Amite County. It is undisputed that the Amite County action was filed first, and the Rankin County circuit judge's summary-judgment ruling was not final so as to pretermit application of the

15

doctrine. And while we do not address the merits of Ergon's renewed motion for summary judgment, the trial judge's grant of that motion is void in light of our holding today. We therefore reverse the judgments of the Rankin County Circuit Court and remand for proceedings consistent with this opinion.

¶31. **REVERSED AND REMANDED.**

**WALLER, C.J., DICKINSON, P.J., KITCHENS, PIERCE, KING AND COLEMAN, JJ., CONCUR. RANDOLPH, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY CHANDLER, J**.

**RANDOLPH, PRESIDING JUSTICE, DISSENTING:**

¶32. A priority-jurisdiction analysis comes into play only when the same lawsuit (parties and issues replicated) is pending in two separate courts of concurrent jurisdiction at the same time. *Compere v. St. Dominic Jackson Mem'l Hosp.*, 71 So. 3d 607, 610 (Miss. 2011) (citing *McCleave v. McCleave*, 491 So. 2d 522, 523 (Miss. 1986)). The doctrine "presupposes a pending action that the plaintiff can proceed upon and obtain 'adequate relief.'" *Compere*, 71 So. 3d at 610 (quoting *Abiaca Drainage Dist. of Leflore, Holmes, & Carroll Counties v. Albert Theis & Sons*, 185 Miss. 110, 187 So. 200 (1939)). "As a general rule, the principle of priority jurisdiction does not apply where like suits are pending in both state and federal courts. Because federal and state courts are separate jurisdictional sovereigns, 'the pendency of an action in a federal court is not ground for abatement of a like suit in a state court.'" *Crawford v. Morris Transp., Inc.*, 990 So. 2d 162, 169 (Miss. 2008) (quoting *Streckfus Steamers, Inc. v. Kiersky*, 163 So. 830, 835 (Miss. 1935)).

¶33. Priority jurisdiction, if properly applied to the case before us, would result in the

newly pending Amite County action being transferred to Rankin County, the only state court which had jurisdiction pending at the time of the federal-court remand. Because the majority calls for the Rankin County court's ruling to be held void and mandates the Rankin County action be transferred to Amite County based on priority jurisdiction, I respectfully dissent.

¶34. Indeed, the Amite County action was filed, but not served, prior to the Rankin County action being filed. However, after the Rankin County action was filed, no effort was made to transfer or dismiss that action based on priority jurisdiction until after the Amite County case was removed to federal court. It is well-established that a party's failure to timely raise and pursue a "right which would serve to terminate or stay the litigation" results in waiver. *MS Credit Ctr., Inc. v. Horton*, 926 So. 2d 167, 180 (Miss. 2006). Braswell failed to advance his argument which could have ended the proceeding in Rankin County, waiving his right as a matter of law. *Id.*

¶35. Once the Amite County action was removed to federal court, only one state-court case was pending in which the parties could proceed and obtain relief–the Rankin County action. At that juncture, no other state court had jurisdiction to proceed. Thus, a priority-jurisdiction analysis would have been unwarranted. The plaintiffs in the Amite County action no longer could obtain "adequate relief" from the Amite County Circuit Court, as jurisdiction of the Amite County action lay solely in the federal court. Before the federal court remanded the case back to state court, jurisdiction lay only in Rankin County, as it was the only pending state-court case. No authority exists for the Amite County action retaining priority jurisdiction.

17

¶36. Additionally, the Rankin County Circuit Court's award of summary judgment cannot be void based upon priority jurisdiction. While the Amite County action was filed first, once the action was removed to federal court, jurisdiction of that court was lost, for the Amite County Circuit Court was powerless to offer any relief. The Rankin County court retained jurisdiction over the Rankin County action and ruled upon a pending motion before it. At the time the summary-judgment motion was ruled upon, only one state court had jurisdiction–Rankin County–therefore, the Rankin County Circuit Court's ruling should not be declared void.

**CHANDLER, J., JOINS THIS OPINION.**